CREIGHTON v. WATER COMMISSIONERS.

(Filed November 27, 1906).

*Eminent Domain—Damages—Evidence—Value—Existing Easement—Pleadings.*

1. In an action by a land-owner to recover damages for land appropriated for the purposes of a water-works company, evidence as to the character of the land and the value of the crops raised prior to the appropriation was competent to aid the jury in determining the market value of the land.

2. In an action by a land-owner to recover damages for land appropriated for the purposes of a water-works company, the Court erred in excluding a deed, offered by defendant in mitigation or reduction of damages, executed by plaintiff to a company to whose rights defendant succeeded, which imposed an easement upon a portion of the land in controversy of like kind, but less in degree.

3. Matters in mitigation of damages may be shown under an answer containing a general denial only, and need not be specially pleaded.

ACTION by H. L. Creighton and wife against Board of Water Commissioners of Charlotte, heard by *Judge Henry R. Bryan* and a jury, at the June Term, 1906, of the Superior Court of MECKLENBURG.

There is allegation and evidence tending to show that defendant, under and by virtue of power given in its charter, in the exercise of the right of eminent domain, has entered upon certain lands of plaintiffs and seeks to appropriate same and impose an easement thereon for the necessary and public purposes contemplated by the statute.

Plaintiffs, in accordance with the provisions of the law, instituted this proceeding to recover damages sustained by reason of the acts of defendant; and on issues determinative of different features of this controversy there was a verdict and judgment for plaintiffs, and defendant excepted and appealed.

*Maxwell & Keerans* for the plaintiffs.
*Hugh W. Harris* for the defendant.

HOKE, J., after stating the facts: The objections urged to the validity of this trial are to the rulings of the Court on questions of evidence.

Defendant excepted:

1. To the admission of evidence indicated in the following question and answer:

Q. Now, Mr. Creighton, state to the jury what sort of meadow-land it is, or rather was, before the dam was erected and the water was placed over the meadow-land (which is admitted, I believe, in the pleadings). Ans. I have been working with it about thirty years, and it was certainly good meadow—just as fine as anybody's meadow in the country.

Q. Can you state the value of the hay you got off of it from year to year? A. I never weighed it just exactly how many pounds. I would get four to six to eight two-horse loads.

This testimony was offered and admitted to show the character and quality of the land appropriated, and was clearly competent; tending to establish a relevant fact to aid the jury in determining therefrom the market value of the land—one of the principal questions in dispute. We think the exception is without merit. *Brown v. Power Co.,* 140 N. C., 341.

Defendant further excepts because the trial Court excluded a deed offered by defendant in mitigation or reduction of damages. The deed was executed by plaintiff in November, 1887, and conveyed to Charlotte City Waterworks four acres of the land included in the controversy, and granting to the City Water-works a privilege or easement as follows:

"And it is agreed that the party of the second part, its successors and assigns, may dig, ditch, and lay pipe for the pur-

pose of conducting waters through the same across the lands of the parties of the first part, with the right to so conduct, provided that the party of the second part shall pay any and all damages done to growing crops of the parties of the first part or their tenants caused by reason of digging said ditches."

In excluding this deed we think there was error, which entitles the defendant to a new trial.

We see no reason why, in ascertaining the damage done to the land by the easement now to be imposed upon it, the jury should not be allowed and required to consider the existence of an easement formerly granted and now held by defendant covering a portion of the same land and imposing a burden upon it of like kind, but less in degree or quantity. The real damage done to the land is the difference between the burden now sought and the one already imposed upon the land by plaintiff's former deed. There is also well-considered authority for this position. *Crowell v. Beverly*, 134 Mass., 98.

It is urged by plaintiff, in support of the ruling: That no connection is shown between the present defendant and the Charlotte City Water-works, the grantee in the deed; this company being, at that time, a private corporation, and entirely distinct from the present defendant.

The answer is that plaintiff's complaint, in section 2, makes specific reference to this same deed, and alleges that the present defendant has "taken, holds, and controls the land conveyed in same by virtue of its charter," etc.

And section 3 of the defendant's answer avers in admission of this allegation:

"That under and by virtue of said Act of the Assembly, the defendant became vested with all the rights and franchises, privileges and easements, and all the powers and duties of the said municipal corporation of the City of Char-

lotte, pertaining to its water-works, and of the "Charlotte City Water-works Company," a corporation duly created by an act of the General Assembly of North Carolina, ratified the 10th day of March, A. D. 1881."

Again, it is urged that the ruling is correct because the rights and privileges conveyed in the deed are not set up and claimed in the answer; and this in accord with the recognized principle that the right to an easement as a defense to an action must be pleaded specially, and cannot be taken advantage of under the general issue, for which plaintiff cites us to 7 Amer. and Eng. Pl. and Pr., pp. 258, 259.

We agree with plaintiff that, as a general proposition, this position is well taken.

It is true that, at common law, matter in mitigation of damages, for which purpose plaintiff claims to have offered this deed, could or should not have been pleaded, but was given in evidence under the general issue.

And, in the absence of specific requirement to the contrary, we are of opinion that, under The Code, facts in mitigation as a general rule, not being issuable matter, are not required to be set up by plea. And the weight of authority, we think, justifies the statement of Cyclopedia on this subject, vol. 13, p. 182, that "Matters in mitigation of damages may, in most jurisdictions, be shown under an answer containing a general denial only, and need not be specially pleaded." Citing authorities from California, Michigan, Massachusetts, and other States.

But in setting up an easement, particularly one which rests in a written deed, this is not strictly matter in mitigation. While it may not go to the entire demand so as to afford full protection to the extent of the right sought to be acquired, it is a bar to relief *pro tanto,* and the same reasons which require that such a right should be set up when claimed in bar of all relief exist when it is offered in bar of part of the relief;

though, in terms, it may be offered in reduction of damages.

We do not think, however, that the position is available to plaintiff on the facts of the case before us; for we hold that the rights referred to by the deed in question are sufficiently set forth in the pleadings to permit that the same should be received in evidence for the purpose for which it was offered.

In section 3 of the answer, already quoted, defendant alleges that it holds "all the rights, franchises, privileges and easements of the Charlotte City Water-works," grantees in this deed.

While this might not ordinarily be sufficiently definite and precise, it is rendered so, we think, by the positive allegation in section 2 of the complaint, that defendant, under its charter, has "taken, holds, and controls the land by virtue of this very deed" to the Charlotte City Water-works.

The existence and contents of this deed are, therefore, fully disclosed in the pleadings.

The allegation of section 3 of the answer, otherwise, perhaps, too general, becomes definite and precise as to this particular claim, and the deed should have been received in evidence. For this error there will be a new trial on all the issues.

New Trial.