CITY OF NEW BERN v. WADSWORTH et al.

(Filed 18 November, 1909.)

1. **Cities and Towns — Condemnation Proceedings — Streets—Easements—Abutting Owners—Title—Issues—Damages.**

    When a city under and in accordance with the provisions of its charter has widened certain of its streets and appealed to the Superior Court from the award of commissioners upon claims made for damages on that account by abutting owners, all the proof showing that claimants were occupying the property and claiming it as such owners, which position had been recognized by both sides, the issue of title is not raised.

2. **Same—Measure of Damages.**

    When the proceedings by a city for condemnation of lands to widen its street under the provisions of its charter do not raise an issue of title, but only the question of the measure of damages to the abutting owners, it is permissible for the city to show in diminution of damages, by proper evidence, that it had theretofore acquired the easement to the width required, and, upon its doing so, damages for the additional burden only should be allowed.

3. **Cities and Towns—Streets—Easements, How Acquired.**

    For a city to establish that it has an easement in lands for a street it must show by proper testimony that it had acquired the easement in some recognized manner by condemnation, or by dedication and acceptance, or by estoppel or adverse possession for twenty years.

**4. Cities and Towns—Easements—Streets—Limitation of Actions.**

The statute of limitations of actions does not run against an easement in lands acquired by a city for a street for the use of the public.

**5. Cities and Towns — Condemnation Proceedings — Easements — Streets — Abutting Owners — Issues — Damages — Evidence — Title—Verdict.**

When the only question presented in the action is the measure of damages to abutting owners for the widening of a street by a city for public use under proceedings in condemnation in accordance with its charter provisions, it is error to admit evidence for the purpose of affecting adversely defendants' title as abutting owners, and for the court to so regard it as shown in his charge to the jury, though it was otherwise competent on the question of the measure of damages; and this is not cured by the verdict awarding defendants damages only for the moving of houses from the easement, it appearing that in thus finding they must necessarily have considered the question of title.

Appeal from *Cooke, J.,* February Term, 1909, of Craven.

Cause tried and determined on issues submitted. A very correct statement of all preliminary proceedings appears in the case on appeal settled by the court, as follows:

"This was a proceeding begun by the city of New Bern to open and extend Pollock Street from Queen to End Street, in said city, under the provisions of its charter (chapter 82, section 53, Private Laws 1899). The city adopted the ordinance for opening said street, which appears in the record. Each of the defendants, under the provisions of section 53 of the charter of said city, filed a claim for damages to his land by reason of the opening of said street. Whereupon the city, by an ordinance (a copy of which appears in the record) appointed William Dunn, George D. Dail and Henry A. Brown as assessors to appraise the damage done to the property of said claimants. The appraisers assessed the damages and filed the report, with map attached, which appears in the record. Whereupon the city of New Bern filed exceptions to said report, and the proceeding was docketed in the Superior Court of Craven County for trial."

Under a charge of the court, the jury rendered the following verdict:

"What damages, if any, has Noah Powell suffered by the opening of the street across his land?" Answer: "One hundred and fifty dollars to move house."

"What damages, if any, has E. Wilson and wife suffered by the opening of the street across his land?" Answer: "Eighty dollars to move house."

"What damages, if any, has Lucinda Stanly suffered by the opening of the street across her land?" Answer: "Fifty dollars to move house."

"What damages, if any, has Enoch Wadsworth suffered by the opening of the street across his land?"   Answer: "Fifty dollars to move house."

"What damages, if any, have M. L. Hollowell and wife, Emma, suffered by the opening of the street across their land?" Answer: "One hundred and fifty dollars to move house."

There was judgment on the verdict, and defendants excepted and appealed.

*W. D. McIver* and *Simmons, Ward & Allen* for plaintiff. ·
*W. W. Clark* for defendants.

HOKE, J., after stating the case: This was a proceeding to condemn land, instituted by the city of New Bern, and his Honor below very properly submitted issues only on the question of damages. It appeared that Pollock Street, to the point of its intersection with Queen Street, has heretofore been opened and used by the public to a width of sixty feet, and beyond that point, to End Street, the highway has been extended and used at a width of about thirty feet, and has been usually known as Trent Road; that in December, 1906, the municipal authorities passed an ordinance to open Pollock Street to a width of sixty feet for its entire length to End Street; whereupon the defendants, as owners and occupants of property lying along the proposed route, filed a claim for damages. Pursuing the method indicated and required by the charter, the city appointed three assessors, who viewed the property, assessed the damage done defendants by the "opening and broadening of Pollock Street from Queen to End Streets," and made report. The city, being dissatisfied with the amount awarded, filed exceptions to said report and appealed, and the cause was thereupon certified to the Superior Court for trial. ·

Upon these facts, and in this condition of the record, it was not open to plaintiff to assail the title of the defendants as abutting owners of the property along the line of the proposed route. No such issue was anywhere raised in the record. All the proof showed that the claimants were in the occupation of the property, claiming it as owners, and this position had thus far been recognized throughout by both sides of the controversy, and, as heretofore stated, the only relevant issues arising on the record were those as to the amount of damages. While there was no issue raised as to defendants' title as abutting owners, it was no doubt permissible for the city of New Bern to show, if it could, by proper evidence on the issues as to damages, that the extension of Pollock Street to the proposed width of sixty feet did not

exceed the easement which had been already acquired by the
public; for, if it had been so acquired, no length of time or
adverse user would bar or destroy it; such a right coming within
the principle that statutes of limitation do not ordinarily run
against the sovereign, king or commonwealth. *Turner v. Com-
missioners,* 127 N. C., 153; *Moore v. Carson,* 104 N. C., 431;
Elliott on Roads and Streets, sec. 883. If the right, therefore,
had ever existed in the public, and to the extent that it did exist,
no damage should be allowed for its present exercise; but in
order to make such a position available in reduction of the
claim of defendants, the easement for the benefit of the public
must have taken its rise in some recognized manner by con-
demnation, by dedication and acceptance, by estoppel or adverse
user for twenty or more years, and must be established by proper
testimony; and it is not permissible, at least in this present case,
to attain such a result indirectly by evidence in impeachment of
defendants' title as abutting owners. As to title by dedication
and acceptance or by adverse user, see *State v. Fisher,* 117
N. C., 733.

On the trial there was testimony admitted, over defendants'
objection, to the effect that a Mr. Meadows, one of the grantors
in defendant Wadsworth's deed, at some survey had by him
prior to such conveyance, had directed the surveyor to leave as
much as sixty feet along the Trent Road to "widen it to that";
and deeds to some of the defendants were shown in evidence
which called for the northern boundary of the property con-
veyed as "Trent Road or Pollock Street extended." These were
relevant circumstances on the question whether an easement to
the extent claimed had ever been acquired for the public, but
this evidence was also admitted as testimony affecting adversely
defendants' title as abutting owners. This additional purpose
was not only declared at the time the evidence was introduced,
but it was given such effect in the charge of the court, as follows:

"If you find that the northern line claimed by Enoch Wads-
worth was the line of Pollock Street, and that the line of Pol-
lock Street extended would include all of the thirty feet, then,
under his deed, he would not hold any of the land to be occupied
by the widening of the street, and you would answer the issue as
to this claimant 'Nothing.'"

It is no satisfactory answer that the error suggested is cured
by the verdict, which in effect upholds the title of defendant as
abutting owners by awarding them damages; for, while damage
is awarded, it clearly appears from a perusal of the verdict, more
especially in the response to the fourth and fifth issues, that the
assault made on the title of defendants was given substantial

consideration by the jury, and damages only allowed for moving houses off the property taken. The verdict so expressly states; and, referring more especially to the verdict on the fifth issue, here the lot, the one in the apex of the angle formed by junction of Queen and Pollock streets, would seem to be well-nigh destroyed for building purposes, and yet the award is only for moving the buildings off the lot.

As heretofore indicated, it is competent for plaintiff to show on the issue as to damages the extent and nature of the easement already acquired for the public benefit, and the damages should only be allowed for the additional burden (*Creighton v. Commissioners,* 143 N. C., 171); but it is not open to plaintiff, on this record, to show that defendants are not abutting owners, or to offer testimony for the purpose of impeaching their titles as such; and, for the error in allowing this, we are of opinion that, as to those who have appealed, the cause should be referred to another jury, and it is so ordered.

New trial.