### T. B. SPENCER v. WALTER JONES and T. B. JONES.

(Filed 17 February, 1915.)

1. **Deeds and Conveyances—Covenants of Warranty—Intent.**
    The courts will construe a deed as a whole when necessary to interpret a covenant of warranty of title therein, in order to arrive at the intent of the covenantor.

2. **Same—Two Grantors—Special Warranty—Exclusive Words.**
    Where J. and S. convey land. covenanting that they are seized in fee simple and have the right to convey in fee, that it is free from encumbrances, "that they will warrant and defend the title to the same against the claims of all persons whomsoever claiming by, through, or under them, the said special warranty applying only to S. and his heirs," the special warranty is construed. by its very terms, to exclude J. from any liability thereunder, and damages for its breach cannot be enforced against him.

APPEAL by defendant from *Carter, J.,* at Fall Term, 1914, of HYDE.

Action against the executors of W. H. Jones, deceased, upon the following covenants in a deed for land, dated 4 September, 1903, from William H. Jones and wife and B. B. Saunderson and wife to Thomas B. Spencer: "The said parties of the first part covenant with Thomas B. Spencer and his heirs and assigns that they are seized of said premises

in fee and have right to convey in fee simple; that the same are free and clear from all encumbrances, and that they will warrant and defend the said title to the same against the claims of all persons whomsoever claiming by, through, or under us, the said special warranty applying only to B. B. Saunderson and wife, Eugenia C., and their heirs."

Thomas C. Spencer was ousted from the premises under an execution issued in a suit by T. C. Mann against him for the same within three years prior to the bringing of this action, which was commenced on 14 October, 1913, Mann having the paramount title. It was admitted that the action was barred as to the covenants of seisin and against encumbrances. Judgment was entered in favor of the plaintiff for $1,500, the amount of the purchase money, with the interest thereon and the costs, and the defendant appealed. .

*Ward & Grimes* for plaintiff.
*S. S. Mann* and *Ward & Thompson* for defendant.

WALKER, J., after stating the case: The only question raised and argued before us is whether the presiding judge was right in holding that the warranty as to the covenantor,˙W. H. Jones, was a general one, and not special, as contended by the defendants, there being no breach if it was special. We concur with his Honor that it is a general warranty. If this is not the true meaning of it, but it was intended to extend the special or restrictive clause to both of the parties, William H. Jones and B. B. Saunderson, it was idle to use the last words of the covenant confining its operation to Saunderson, as without them the clause would have that meaning, and, besides, the use of the words contravene any such intention. Nor can it be successfully argued that the only warranty intended was a special one by B. B. Saunderson, and that W. H. Jones was not embraced by the warranty at all. The language forbids any such construction, because the words are in the plural number, viz., "*they* will warrant and defend the said title to the same against the claims of all persons whomsoever," which is a general warranty, and then comes the restrictive clause reducing it to a special warranty as to Saunderson. It is somewhat awkwardly expressed, but with sufficient certainty to gather the meaning of the parties from a consideration of the entire deed, which we are enjoined to do. *Gudger v. White,* 141 N. C., 513; *Triplett v. Williams,* 149 N. C., 394; *Beacom v. Amos,* 161 N. C., 357. This doctrine applies to a covenant as to other contracts, and the intention of the parties, if discernible, will control in determining its meaning, which should be gathered from the entire instrument. 11. Cyc., 1051; *A. K. and N. Railroad Co. v. McKinney,* 124 Ga., 929; s. c., 6 L. R. A. (N. S.), 436; *Empire Bridge Co. v. Larkin Soap Co.,* 109 N. Y. Suppl., 1062; *Godfrey v. Hampton,* 127 S. W., 626. What

was clearly meant in this case is that the words restrictive of the general warranty should apply only to the Saundersons, for otherwise the first and last parts of the covenant of warranty cannot be reconciled.

No error.