JOHN A. COLLINS v. SOUTHERN RAILWAY COMPANY.

(Filed 21 April, 1926.)

**Negligence — Evidence — Nonsuit—Railroads—Municipal Corporations—Streets—Obstructions.**

Evidence that a railroad company had previously allowed a city to cut an underpass for a street through its embankment, supported in the middle by a wooden pier with an eighteen-foot driveway on each side for the use of the public; and that later the railroad company replaced the wooden pier by one of concrete occupying the same space, is insufficient of the railroad's negligence in an action to recover damages for plaintiff's injury caused by running into the pier while driving his automobile. *Dillon v. Raleigh,* 124 N. C., 184, where the obstruction was in the street, cited and distinguished.

APPEAL by plaintiff from *Finley, J.,* at November Term, 1925, of FORSYTH.

Civil action to recover damages for an alleged negligent injury to plaintiff and his automobile sustained while plaintiff was driving along Patterson Avenue in the city of Winston-Salem and caused by his running into a concrete pier which stands, according to plaintiff's allegation, in the middle of the street and supports the defendant's overhead bridge or trestle spanning the same.

The defendant denied any liability on its part for the plaintiff's injury or damage, and upon the usual issues of negligence, contributory negligence and damages being submitted to the jury, there was a verdict for the defendant on the first issue.

From the judgment rendered thereon, denying any right of recovery, the plaintiff appeals, assigning errors.

*Z. C. Camp for plaintiff.*
*Manly, Hendren & Womble for defendant.*

STACY, C. J. There is no evidence, as we understand the record, to show that the concrete pier, with which the plaintiff collided, injuring himself and car, was erected in the street or public highway by the defendant.

The plaintiff was injured at a point where Patterson Avenue, a public street, in the city of Winston-Salem, passes under the railroad track of the Southern Railway Company, leading from Winston-Salem to Rural Hall. The defendant's track was built in 1889 when there was no roadway or underpass at this point, but rather an embankment or fill upon which the railroad track was constructed. In 1895, under an agreement with the public authorities, an opening for a roadway was cut beneath the track and through the embankment, the excavation for said opening being done by the public authorities, while a wooden trestle, supported in the center with a wooden pier, five feet wide at the bottom, was built by the defendant to preserve its track over the roadway. In 1921 the defendant was required to remove the old wooden trestle and replace it with a more suitable structure, which it did by erecting a steel bridge, supported in the center by a concrete pier, four feet wide at the base, and placed on the exact spot where the wooden pier formerly stood. The street at this point is forty feet wide from curb to curb, with a passage way on either side of the pier, eighteen feet in width.

The space upon which the pier stands has never been used as a part of the street or highway, nor has it been condemned or title thereto acquired in any way superior to the defendant's right to use it as a part of its right of way. Therefore, in no sense can it be said to be an obstruction placed in the street or highway by the defendant. *New Bern v. Wadsworth,* 151 N. C., 309.

The decision in *Dillon v. Raleigh,* 124 N. C., 184, is not at variance with our present position, for in that case the piers, posts or benches were erected *in the street* by the railroad company, and not on ground reserved as a part of the defendant's original right of way.

Under this view of the evidence, it is not necessary to consider the plaintiff's assignments of error, as he has failed to show any negligence on the part of the defendant, Southern Railway Company.

The verdict and judgment will be upheld.

No error.