NANTAHALA POWER & LIGHT COMPANY, PETITIONER, v. MRS. GEORGIA SLOAN, RESPONDENT.

(Filed 26 February, 1947.)

**1. Evidence §§ 25, 42f—**

The failure of the answer to deny an allegation of the complaint is an admission of the fact alleged which is as binding on the parties as if found by the jury, and therefore evidence offered to prove such fact is irrelevant.

**2. Eminent Domain § 8—**

Where petitioner, the owner of an easement theretofore acquired over respondent's lands, imposes an additional burden thereon, respondent is entitled to recover for the taking of the additional land and injury, if any, to the remainder of the premises, which is to be measured by the difference in the fair market value of the lands subject to the prior easement, immediately before and immediately after the placing of the additional burden thereon.

**3. Eminent Domain § 18c—**

In proceedings to assess damages for the taking of an additional easement over respondent's land, petitioner is entitled to have the existence of the prior easement considered upon the question of damages.

**4. Same—**

Where it is admitted that petitioner held a prior easement on the premises, and the parties stipulate that the sole question for determination is the compensation to be paid for additional easement, the existence of the prior easement is established and petitioner has the benefit thereof, and therefore judgment in the condemnation proceedings wherein the prior easement was obtained is irrelevant and incompetent for the purpose of showing the existence of the prior easement.

**5. Same—**

Evidence of compensation paid for an original easement on respondent's land in 1928 is too remote to be competent to establish the value of an additional easement taken in 1943.

**6. Same—**

The amount paid under a consent judgment in proceedings to assess compensation for the taking of lands under the power of eminent domain is incompetent to establish the value of the lands upon a subsequent taking of additional lands of respondent, since compromise settlements are not fair indications of market value.

APPEAL by respondent from *Nettles, J.,* at August Term, 1946, of MACON.

This is a condemnation proceeding.

The Town of Franklin, in 1925, constructed a hydroelectric plant near said Town and thereafter instituted a condemnation proceeding against the owners of the property in controversy in this proceeding for the purpose of establishing an easement on said property for a reservoir created by a dam twenty-five feet in height.

A consent judgment was entered in that proceeding, on 16 July, 1928, granting an easement in favor of the Town of Franklin, which judgment also fixed the amount of damages which this respondent and the heirs at law of J. S. Sloan, deceased, were entitled to recover of the Town of Franklin by reason of the construction and maintenance of said reservoir.

It is admitted that the petitioner, Nantahala Power & Light Company, thereafter acquired the hydroelectric plant constructed by the Town of Franklin, including the easement acquired by said Town on respondent's property.

In 1943, the petitioner raised the level of the water in the reservoir created by the original dam one vertical foot, and instituted this proceeding for the purpose of acquiring an easement for the additional burden created thereby.

Prior to the introduction of evidence, it was stipulated that the petitioner went into possession of the premises described in the petition and answer on 4 May, 1943, for the purposes described in the petition, and that the only issue to be determined in this cause is the amount of compensation to which the respondent is entitled by reason of the taking of the additional land and compensation for the injury, if any, to the remainder of the premises.

Over the objection of the respondent the petitioner was permitted to introduce the consent judgment referred to above.

The jury assessed respondent's damages at $1,000.00, and judgment was entered accordingly.

Respondent appealed to the Supreme Court, assigning error.

*G. L. Houk and Geo. B. Patton for petitioner.*
*Jones & Jones and Jones & Ward for respondent.*

DENNY, J. The sole question presented on this appeal, is whether or not the court below committed error in permitting the petitioner, over the objection of the respondent, to introduce the consent judgment which established the original easement on the premises of the respondent, which easement is now held by the petitioner, and also fixed the damages which this respondent and the children and heirs at law of J. S. Sloan were entitled to recover as compensation therefor.

The appellee insists that the consent judgment was offered only for the purpose of establishing the prior easement and not as evidence on the question of damages. We think the position of the appellee is untenable. If it had been necessary to introduce the consent judgment in order to show the existence of the original easement, we would have an entirely different factual situation from that which is presented on this record. *Creighton v. Water Commissioners,* 143 N. C., 171, 55 S. E., 511.

Here the existence and the extent of the original easement are alleged in the petition and not denied in the answer. Therefore, the respondent admitted the existence and extent of the petitioner's easement prior to raising its dam one vertical foot. Such admission is as binding on the parties as if found by the jury, and "evidence offered in relation thereto is irrelevant." *S. v. Martin,* 191 N. C., 401, 132 S. E., 14.

Furthermore, the parties stipulated before the introduction of any evidence, to go to the jury only on the question of damages, and it is clear that this case was tried upon the theory that the only compensation or damages which the respondent is entitled to recover is for the taking of the additional land described in the pleadings and for the injury, if any, to the remainder of the premises. Hence, the respondent is entitled to recover the difference in the fair market value of her property immediately prior to 4 May, 1943, the date the additional burden was placed thereon by the petitioner, and the fair market value of the property immediately thereafter. *Light Co. v. Moss,* 220 N. C., 200, 17 S. E. (2d), 10; *Highway Com. v. Hartley,* 218 N. C., 438, 11 S. E. (2d), 314; *Land Co. v. Traction Co.,* 162 N. C., 503, 78 S. E., 299; *Brown v. Power Co.,* 140 N. C., 333, 42 S. E., 954.

We are not unmindful of the fact that the petitioner in proceedings of this character, is entitled to have the existence of its prior easement considered in mitigation of damages. *McMahan v. R. R.,* 170 N. C., 456, 87 S. E., 237; *Creighton v. Water Commissioners, supra; Brown v. Power Co., supra.* The sole purpose of showing an existing easement when assessing damages for an additional one, is to allow recovery only for the difference in the fair market value of respondent's land subject to the existing easement, immediately before and immediately after subjecting it to the additional easement. However, it was not necessary for the appellee to introduce the consent judgment in the former proceeding, in order to have the full benefit of the law in this respect, in the trial below.

It having been admitted that the petitioner held an easement on the premises of the respondent for the maintenance of its dam at a 25-foot level, and the inquiry before the jury having been limited to the amount of compensation the respondent was entitled to recover as damages to the premises of the respondent, by raising the height of the petitioner's

dam one additional foot, the judgment was admissible in this proceeding, if admissible at all, only upon the question of damages.

The Town of Franklin, pursuant to the terms of the consent judgment entered in 1928, paid this respondent and her children, the heirs at law of J. S. Sloan, the sum of $1,200.00 in full settlement for all damages growing out of the erection of the Town's hydroelectric plant and the construction and maintenance of its 25-foot dam, which plant is now owned, maintained and operated by the petitioner herein. Evidence of the price paid for the original easement in 1928 is inadmissible to establish the value of the additional land taken in 1943. It is too remote. "When the evidence is too remote in point of time to throw any light on the fact at issue, to wit, the fair market value of the property at the time of the taking, it is incompetent and should be excluded." *Highway Com. v. Hartley, supra.*

Ordinarily the price paid in settlement in condemnation proceedings is not admissible as evidence to show the value of the condemned land, or the value of land similarly situated. 18 Am. Jur., 996.

Moreover, the judgment introduced herein is inadmissible for a further reason. It was a consent judgment. The reason for rejecting such judgments as evidence of market value, is succinctly stated in *Howard v. Providence,* 6 R. I., 514, as follows: "Upon grounds of public policy, offers made in compromise of suits, pending litigation, are not to be used in evidence against the party making them. 1 Greenl. Ev., 192. We do not see that such evidence ought to be any guide to the jury in establishing damages. When a party buys his peace, or compromises a pending suit, many considerations may influence him; the trouble, vexation, and cost of a lawsuit, payment of counsel, time expended in attending litigation, and other matters, may induce him, for the avoiding of trouble, to pay in compromise far more than the value of the thing in controversy." Likewise, a respondent, for the same reasons, may accept in compromise far less than the value of the thing in controversy. Such compromise settlements are not fair indications of market value. *Light Co. v. Moss, supra.* See also 18 Am. Jur., 996, and the numerous authorities cited therein. The market value of property is the price it will bring when it is offered by one who desires, but is not compelled to sell it, and is purchased by one who is under no necessity to buy it. *Light Co. v. Moss, supra; Land Co. v. Traction Co., supra.*

For the reasons stated, we think the respondent is entitled to a new trial, and it is so ordered.

New trial.