Pennsylvania Company, etc., Trustee, *v.* Emmons et al., Appellants, et al.

Argued April 19, 1940. Before MAXEY, DREW, STERN, LINN and PATTERSON, JJ.

*D. Malcolm Hodge,* with him *Donald H. Hamilton, Frank M. Hunter* and *George Henry Huft,* for appellants.

*Earl G. Harrison,* with him *Joseph D. Calhoun, Thomas P. Mikell* and *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE DREW, May 20, 1940:

The single question presented by this appeal, and it is a simple one, is whether or not an action of scire facias

sur mortgage will still lie, when the premises have been already once sold by the sheriff for the same mortgage debt.

Plaintiff, The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Sundry Trusts, instituted this proceeding by way of scire facias sur mortgage to foreclose on two certain tracts of ground in Delaware County known as the Riverview Farm, or the Swarthmore tract, in the Borough of Swarthmore, and the Caldwell Farm, or the Springfield tract, in Springfield Township. The two tracts are contiguous, separated only by the borough line. In this appeal from the judgment entered following a verdict in plaintiff's favor, defendant, Alice L. Emmons, and intervening defendant, W. T. Silver, complain of the dismissal by the learned court below of their motions for judgment n. o. v. and for a new trial.

The facts essential to a thorough understanding of the present controversy are so clearly and succinctly recited by the learned trial judge that we adopt his statement in a large measure as our own. Prior to May 29, 1929, Alice L. Emmons was sole owner in fee of the Springfield tract, subject to a mortgage in the sum of $14,000, while Louis C. Emmons, her husband, owned the Swarthmore tract. On that day, by a single indenture of mortgage (hereinafter referred to as the first mortgage), Mr. and Mrs. Emmons mortgaged their respective tracts of ground to plaintiff for $175,000 to secure their joint bond in that amount. On December 11, 1929, Louis C. Emmons conveyed the Swarthmore tract, through an intermediary, to Louis C. Emmons and Alice L. Emmons, his wife, as tenants by the entireties. It was, therefore, seven months after the execution and delivery of the first mortgage to plaintiff before Mrs. Emmons obtained any interest in the Swarthmore tract. It may be noted that the only reason why plaintiff required Mrs. Emmons to be an obligor and mortgagor in the bond and mortgage was by vir-

tue of the fact that title to the Springfield tract, included in the mortgage, was held in her name. Mr. Emmons could have mortgaged the Swarthmore tract without her joinder.

On June 16, 1930, Mr. and Mrs. Emmons executed and delivered a bond and mortgage for $200,000, covering the same two tracts, to Mitten Men and Management Bank and Trust Company (hereinafter called the second mortgage) as collateral security for the note of Louis C. Emmons and others in the amount of $375,000. On October 24, 1934, Louis C. Emmons died, and Mrs. Emmons was appointed executrix of his estate. She also became sole owner in fee of both the Swarthmore and Springfield tracts.

Subsequently, default having occurred under the terms of the first mortgage, the Pennsylvania Company entered judgment against Mrs. Emmons on the bond. The latter filed a petition to open this judgment on the ground that she was an accommodation maker, an issue was framed, the case tried, and verdict found in favor of the Pennsylvania Company in the sum of $200,229.00. Upon motion, a new trial was ordered unless plaintiff filed a remittitur for all of the verdict in excess of $14,420, the court having found that as to the amount of the bond and mortgage above that sum Mrs. Emmons was an accommodation maker. On August 13, 1936, a remittitur not having been filed, the Pennsylvania Company took an appeal to this court.

In the meantime, Mrs. Emmons made arrangements with respect to the note of Louis C. Emmons and others to the Mitten Bank, whereby the second mortgage was released from the collateral held by that bank and delivered to James F. Mersereau, Esq., attorney for the Mitten Bank, under circumstances which Mrs. Emmons claims amounted to an equitable assignment. The mortgage was not assigned by the Mitten Bank, which at all times remained the mortgagee of record, subject to Mrs. Emmons' instructions. On February 3, 1936, Mrs. Em-

mons assigned her interest in the second mortgage to W. T. Silver, who contemporaneously executed a written declaration of trust, whereunder he declared himself trustee of the mortgage and the premises secured thereby for the sole use and benefit of Mrs. Emmons and her mother.

On January 26, 1937, counsel for the Pennsylvania Company, Trustee, and counsel for Mrs. Emmons settled the case involving the opening of the judgment on the bond accompanying the first mortgage, then on appeal in this court. Mrs. Emmons paid the Pennsylvania Company $5,000, and it in turn delivered to Mrs. Emmons through her counsel a release from all liability on the bond.* Subsequently, judgment was entered on the verdict in favor of the Pennsylvania Company on February 11, 1937, and the appeal was discontinued.

Some question is raised as to whether Mrs. Emmons was bound by the terms of the release, but that issue is not now properly before us. It is to be remarked, however, that The Pennsylvania Company did not follow the precise wording of the release for instead of discontinuing and ending "the suit on the bond", it pro-

---

* The release reads in part as follows: ". . . NOW, THEREFORE, in consideration of the receipt of the said sum of Five thousand Dollars ($5,000), The Pennsylvania Company for Insurances on Lives and Granting Annuities hereby releases Alice L. Emmons from all liability on account of the execution of the said bond dated May 29, 1929, on account of her use and occupancy of the said mortgaged premises, and on account of taxes on the said mortgaged premises which have been paid or may be paid by The Pennsylvania Company.

"IT IS AGREED AND UNDERSTOOD that nothing *in this release* is to invalidate the mortgage given by Louis Cole Emmons and Alice L. Emmons to The Pennsylvania Company . . . . or to affect the lien of the said mortgages on the premises therein described. The Pennsylvania Company hereby undertakes to satisfy the judgment and to discontinue the use and occupation suit . . . forthwith and to withdraw the appeal *and discontinue and end the suit on the bond as soon as that may be done without affecting the lien of the mortgage aforesaid* . . ." (Italics added.)

ceeded to issue a writ of fieri facias on the judgment against both tracts. The judgment on which the writ issued, however, was entered pursuant to a stipulation signed by counsel for both parties. The property was sold at sheriff's sale to the attorney on the writ for the Pennsylvania Company. On May 27, 1937, the Pennsylvania Company, without any reservation whatsoever, satisfied of record the judgment entered on the bond.

Whatever title plaintiff now has to the Swarthmore tract passed to it by the sheriff's sale following the issuance of the writ of fieri facias. Mrs. Emmons and the intervening defendant concede that plaintiff thereby acquired perfect title to the Springfield tract, but contend that plaintiff took the Swarthmore tract subject to the second mortgage, upon the reasoning that since Mrs. Emmons possessed no interest in the Swarthmore tract at the time she executed the bond accompanying the first mortgage, the lien of the judgment upon that bond could date only from the judgment, and could not reach back to antedate the lien of the second mortgage. Two years later, plaintiff began to develop the tract, and upon attempting to make settlement with several purchasers, this possible defect in title was called to plaintiff's attention by the title insurance company. For this reason, plaintiff attempted to have the Mitten Bank, which still was the record holder, satisfy the second mortgage, and upon its refusal, started the present proceeding to foreclose the old first mortgage by a scire facias. On March 5, 1940, following the refusal of Mrs. Emmons' petition to stay the foreclosure sale, the sale was held and the property was conveyed to plaintiff for one dollar.

Plaintiff cannot thus test in this proceeding the validity of the title it received upon the sale following the issuance of the writ of fieri facias, since in our view that question is beyond the scope of present inquiry. In their affidavits of defense and in argument, both Mrs. Emmons and Silver stressed the fact that the evi-

dence in this case unequivocally shows that after the execution of the release, judgment upon the bond, for which the first mortgage was given, was entered of record; that execution upon the judgment was duly issued, and the property sold at sheriff's sale and bought in by plaintiff; and that under date of May 27, 1937, the judgment was marked satisfied of record. These additional steps were not contemplated by the release, nor is there anywhere in the record any testimony which would show it to be the intent of both parties that the first mortgage be kept alive after the property was once sold. Hence, what was said in *Purman's Estate,* 334 Pa. 238, 241: " ' "A bond and mortgage taken for the same debt, though distinct securities, possessing dissimilar attributes, . . . are, nevertheless, so far one that payment of either discharges both, and a release or extinguishment of either, without actual payment, is a discharge of the other, *unless otherwise intended by the parties* . . ." ' " (italics added), and that line of cases, has no relevancy here.

The first sale upon the mortgage debt absolutely extinguished the mortgagor-mortgagee relationship existing between Mrs. Emmons and the Pennsylvania Company. With us it is settled that a judgment on a bond, followed by a sale thereunder, divests the mortgage securing the bond: *Clarke v. Stanley,* 10 Pa. 472; *Ridgway v. Longaker,* 18 Pa. 215; *Cronister v. Weise,* 8 Watts 215. As was said by Mr. Chief Justice GIBSON in *Berger v. Hiester,* 6 Wharton 210, 212: "That a sale on a judgment for a debt, secured by a mortgage, discharges the lien of the mortgage notwithstanding the Act of 1830, was asserted in *Pierce v. Potter,* 7 Watts 477, and put on what we think tenable ground." Plaintiff could not, therefore, after the first sale, bring a scire facias action upon the same mortgage, and the second sale held thereunder must be considered a nullity and of no effect. The mortgage was completely non-existent and dead upon the consummation of the first

sale of the property, and there remained nothing upon which plaintiff could predicate the present action.

Judgment reversed; costs to be paid by appellee.