## Lemon et al., Appellants, v. Emmons et al.

Argued April 24, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

[black bars]

*D. Malcolm Hodge,* with him *Donald H. Hamilton, Frank M. Hunter* and *George Henry Huft,* for appellants.

*Earl G. Harrison,* with him *Edmund R. Finegan, Allen S. Olmsted, 2nd,* and *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY MR. JUSTICE DREW, May 13, 1941:

The facts involved in this action of scire facias sur mortgage are stated at length in *Pennsylvania Company, etc., Trustee, v. Emmons,* 338 Pa. 513, and for present purposes are briefly summarized as follows: Alice L. Emmons, being the sole owner of a tract of land in Springfield Township, Delaware County, and Louis C. Emmons, her husband, being the sole owner of a contiguous tract in the Borough of Swarthmore, on May 29, 1929, executed their joint bond in the sum of $175,000 to the Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Sundry Trusts, and by a single instrument, in which both joined, mortgaged their respective tracts of land to secure the payment of the same. On December 11, 1929, the husband, through an intermediary, conveyed the Swarthmore tract to himself and wife as tenants by the entireties, and on June 16, 1930, they joined in a second mortgage on the same two tracts to secure their bond in the sum of $200,000 to Mitten Men and Management Bank and Trust Company, given as collateral security for an obligation of the husband and others to that bank. On October 24, 1934, Louis C. Emmons died. Thereafter, the first mortgage being in default, the Pennsylvania Company entered judgment against Alice L. Emmons on the bond. After protracted proceedings on her petition to open the judgment, the following order was

entered by the court below: ". . . upon the stipulation of counsel, it is ordered, adjudged and decreed that judgment be entered on the verdict in the sum of $200,229 provided, however, that the lien of the said judgment be restricted to the mortgaged premises, to wit, the premises mortgaged by Louis C. Emmons and Alice L. Emmons to The Pennsylvania Company for Insurances on Lives, Trustee for Sundry Trusts, by mortgage dated May 29, 1929, . . . and all other property, real, personal or mixed, of the said Alice L. Emmons is hereby removed from the lien of the said judgment." The Pennsylvania Company then caused a writ of fieri facias to issue upon the judgment, as reinstated, and became the purchaser of both tracts at the sheriff's sale.

Subsequently, some doubt having arisen as to whether this judicial sale discharged the lien of the second mortgage held by the Mitten Bank, the Pennsylvania Company attempted to foreclose its first mortgage anew by scire facias. This Court held in *Pennsylvania Company, etc., Trustee, v. Emmons,* supra, that this attempt at a curative procedure was a nullity and of no effect since the mortgage was divested by the sheriff's sale and there remained nothing upon which the Pennsylvania Company could thereafter predicate its scire facias; and further that the Pennsylvania Company could not test in that proceeding the validity of the title it received upon the sale following the issuance of the writ of fieri facias.

After the decision was filed, the present action to foreclose the second mortgage, solely against the Swarthmore tract, was commenced by the present appellants, the assignees of Mitten Men and Management Bank and Trust Company. From a judgment entered on a directed verdict in favor of appellees, appellants have appealed. While some question is raised by the record now before us as to the validity of the mortgage in question and its assignment in trust for Alice L. Emmons,

she having been one of the mortgagors, in the view we take of the case it is unnecessary to decide this question.

The only question, because of the facts of the present case, requiring disposition is whether or not the lien of the second mortgage was discharged by the sheriff's sale under the Pennsylvania Company's judgment against Mrs. Emmons entered on the bond which accompanied its first mortgage.

Appellants contend that the case of *Clarke v. Stanley,* 10 Pa. 472, and similar cases, upon which the learned court below relied in entering judgment for appellees, are not decisive of the present controversy because in none of them was it shown, as it has been in this case, that the execution debtor on the bond (here Mrs. Alice L. Emmons) was not the owner of the premises in question at the time of the creation of the mortgage. Appellants' position is that the judgment entered on the bond against Mrs. Emmons was effective as a lien against the Swarthmore tract only as of the time of its entry; they argue that it cannot relate back to the time of the execution of the mortgage to the Pennsylvania Company because at that time she did not own the Swarthmore tract, title thereto being exclusively in her husband, and therefore, it is reasoned, that this land was sold by the sheriff subject to the second mortgage.

It is unnecessary to determine the applicability of the cases cited by the learned court below, for even assuming that they are not in point, as argued, appellants' contention is not well-founded, for the mortgage now attempted to be foreclosed by writ of scire facias contains the following express provision: "Under and Subject to a certain Mortgage Debt or Principal Sum of One Hundred Seventy Five Thousand Dollars, with interest due and to grow due thereon." Thus appellants are precluded in their attempt to secure a larger lien than that contracted for. Their claim upon the

land was by specific agreement made subordinate to the Pennsylvania Company's principal debt of $175,000, with interest, and cannot now justly be asserted in hostility to it.

Judgment affirmed.