WILLIAM P. HAMMOND *vs.* SALLY LAWSON HAMMOND.

Suffolk. November 15, 1923. — January 3, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Relevancy, Cumulative. *Practice, Civil,* Conduct of trial: discretionary power of judge as to cumulative evidence.

At the trial by a jury in a suit in equity of an issue, whether a certain endowment insurance policy upon the life of the plaintiff had been delivered to the defendant, the plaintiff's wife, with the intent to make her owner thereof, it was admitted on behalf of the plaintiff that he was insane at the time of the trial and his insanity since March, 1918, was not questioned. The defendant, in cross-examination of the plaintiff, offered in evidence certain letters, dated September, 1918, and signed by the plaintiff, for the sole purpose of proving insane delusions on his part and thus affecting his credibility as a witness. The letters were excluded. *Held,* that the exclusion of such cumulative evidence on an undisputed point was a proper exercise of discretion on the part of the trial judge.

BILL IN EQUITY, filed in the Superior Court on March 21, 1922, seeking to obtain possession of an endowment insurance policy on the life of the plaintiff alleged to have been wrongfully retained in possession by the defendant, the plaintiff's wife.

The single issue, described in the opinion, was framed and was tried before *Callahan*, J. Material evidence and the

only exception saved at the trial are described in the opinion. The jury answered the issue in the negative. The defendant alleged exceptions.

*G. M. Poland,* for the defendant.

*P. A. Hendrick,* for the plaintiff.

DeCourcy, J. The plaintiff is an insane person under guardianship. This suit in equity was brought to obtain possession of an endowment insurance policy on his life, now in the possession of his wife, the defendant. The endowment period ended before the suit was brought. The only issue tried to the jury was: " Did the plaintiff transfer and deliver to the defendant the policy of insurance described in the bill with the intent to make her the legal owner thereof? " They answered in the negative.

On the trial of this issue the defendant testified in substance that her husband delivered the policy to her in 1913, telling her that it was hers whether he died before it expired or not. On the margin of the policy, however, appeared the following: " Boston, Mass., December 29, 1913. Sarah A. Hammond the beneficiary mentioned in this policy, being deceased, it is hereby agreed that the amount insured herein shall be payable to Sallie Lawson Hammond, wife of William P. Hammond the insured, if she shall survive him in case of his decease during the endowment period. Otherwise payable to the said William P. Hammond at the end of the endowment period." The plaintiff also testified that he never gave the policy to his wife, and that it was in his desk with his other papers when he went to the hospital in March, 1918.

The defendant, for the purpose of affecting her husband's credibility as a witness, offered two letters written by him to a third person in September, 1918, in which he stated that the defendant had been criminally assaulted and was in the family way; and she further offered to show that the statements in the letters were untrue, and were " pure delusions." The only exception in the case is to the exclusion of these letters and offer of proof. The letters show no hostile state of mind toward the defendant. There is nothing in them referring in any way to the insurance policy, which

is the subject matter of the suit; and nothing bearing on loss of memory, beyond what might be inferred from the general fact of insanity. At most they tend to show that the plaintiff was laboring under an insane delusion in September, 1918. But this insanity since March, 1918, was not questioned. He was admittedly insane at the time of the trial, and under guardianship. The admission of cumulative evidence on that undisputed point was wholly within the discretion of the trial judge. *Dorr* v. *Tremont National Bank*, 128 Mass. 349. The real issue in the case was whether the plaintiff made a gift of the insurance policy to the defendant in 1913. If his insanity in 1918 could have any bearing on the credibility of his testimony that he made no such gift, the same inferences from that insanity were open to the defendant whether the letters were in evidence or not.

*Exceptions overruled.*