[Civ. No. 10155. Second Appellate District, Division One.—December 18, 1935.]

G. ABOS et al., Plaintiffs; LUCIA ABOS, Appellant, v. CLYDE A. MARTYN, Respondent.

De Forrest Home and Eugene Kelly for Appellant.

Thomas Morris, Roy J. Farr and George G. Rinier for Respondent.

EDMONDS, J., *pro tem.*—This action was brought by a father and mother to recover damages for the alleged wrongful death of their minor child. Subsequent to the filing of the complaint and before trial the father died, and the question on this appeal concerns the right of the mother to further prosecute the action.

When the case was called for trial more than one year after the death of the child, the mother moved the court to substitute her as plaintiff in the place of herself and her deceased husband. This motion was denied. She thereupon moved to file an amendment to the complaint, alleging the death of the husband. This motion was granted. Defendant then moved to dismiss the complaint first, as to the deceased father, and by another motion, as to the mother. Each of these motions was granted and a judgment of dismissal was entered. Plaintiff Lucia Abos, the mother, has appealed from this judgment and from an order denying her motion for a new trial.

Appellant contends that it was error for the trial court to deny the motion to substitute her as sole party plaintiff, and that it was also error for the court to dismiss the action as to her.

The right to recover damages for the wrongful death of a person is entirely statutory. (*McLaughlin* v. *United*

*Railroads*, 169 Cal. 494 [147 Pac. 149, Ann. Cas. 1916D, 337, L. R. A. 1915E, 1205].) A cause of action for the death of a minor exists only by virtue of section 376 of the Code of Civil Procedure, which provides that "A father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child, . . . when such injury or death is caused by the wrongful act or neglect of another." The proceeds of a favorable judgment in an action brought by a father under this section are community property, and "the mother, having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as a plaintiff". (*Keena* v. *United Railroads of San Francisco*, 57 Cal. App. 124, 130 [207 Pac. 35, 38].)

█ The amendment to the complaint which the trial court allowed to be filed showed that the father had died after the filing of the complaint and nine months after the death of the child. The status of the mother, who it must be remembered was an original party plaintiff in the action, was by the death of the father changed from that of a proper party to the action to that of a necessary party, indeed the only person who could thereafter maintain the action.

There is no reason, having any foundation upon principle or justice, to take from a mother the right to further prosecute her action for the claimed wrongful death of her child under such circumstances. Neither she nor the defendant is in any different position than each would have been if a new complaint had been filed by her as plaintiff after the death of her husband and before the expiration of the statutory period of limitation. The situation is similar to that considered in *Bowman* v. *Southern Pacific Co.*, 55 Cal. App. 734 [204 Pac. 403], where in an action for wrongful death, brought under the provisions of section 377 of the Code of Civil Procedure, the trial court allowed an amendment by which the personal representative of the deceased was substituted as plaintiff for the widow and minor children of the deceased after the statute of limitations had run against the cause of action. In that case this court held: "The law of this state permits such actions to be maintained by the heirs or personal representatives. . . . And in such cases as the one now at bar, the beneficiaries are the widow and minor children. These are the real parties in interest, whether the action be brought in their own names or by an administrator

of the estate of the deceased. This being so, the substitution of parties as made by the court in this case, so far as the second cause of action is concerned, cannot be regarded in any sense as the beginning of a new action."

The record shows, notwithstanding the contentions of respondent in that regard, that the notice of appeal was filed within the statutory period. However, no appeal lies from an order denying a motion for a new trial.

The judgment is reversed and the appeal from the order is dismissed.

Houser, P. J., and York, J., concurred.