[L. A. No. 20121.  In Bank.  Dec. 2, 1947.]

PABLO FUENTES et al., Respondents, v. CLARENCE L. TUCKER, Appellant.

[L. A. No. 20122.  In Bank.  Dec. 2, 1947.]

ANDRES L. NEGRETTE et al., Respondents, v. CLARENCE L. TUCKER, Appellant.

(1)

Parker, Stanbury & Reese and White McGee, Jr., for Appellant.

V. P. Lucas for Respondents.

GIBSON, C. J.—The minor sons of the respective plaintiffs were killed by an automobile operated by defendant. The two actions were consolidated for trial, and in each case the verdict of the jury awarded the plaintiffs $7,500. Defendant appealed from the judgments claiming the trial court erred in permitting plaintiffs to present evidence of facts outside the issues framed by the pleadings.

On the day of the trial defendant filed an amended answer in each case which admitted "that he was and is liable for the death of the deceased . . . and the damages directly and proximately caused thereby." Plaintiffs were nevertheless permitted to prove the circumstances of the accident, including the facts that defendant was intoxicated and that the children were thrown 80 feet by the force of the impact.

It is defendant's position that the introduction of evidence as to the circumstances of the accident was error because it was not relevant or material to the amount of the damages, which was the only issue to be determined by the jury.

Plaintiffs contend that defendant could not, by acknowledging legal responsibility for the deaths of the children, deprive them of the right to show the circumstances surrounding the accident, and that therefore it was not error to admit evidence of such facts. They do not claim, however, that the evidence was material to any of the facts in dispute under the pleadings as they stood at the commencement of the trial.

It is a doctrine too long established to be open to dispute that the proof must be confined to the issues in the case and that the time of the court should not be wasted, and the jury should not be confused, by the introduction of evidence which is not relevant or material to the matters to be adjudicated. This is merely one aspect of the larger problem of delay in the conduct of litigation. Every court has a responsibility to the public to see that justice is administered efficiently and expeditiously and that the facilities of the court are made available at the first possible moment to those whose cases are awaiting trial. It would be an unwarranted waste of public funds, and a manifest injustice to the many litigants seeking an early trial date, to allow counsel in a particular case to occupy substantial periods of time in the useless presentation of evidence on matters not in controversy; and we know of no well-considered opinion which asserts such a right.

One of the functions of pleadings is to limit the issues and narrow the proofs. If facts alleged in the complaint are not controverted by the answer, they are not in issue, and no evidence need be offered to prove their existence. (*Travelers Ins. Co.* v. *Byers,* 123 Cal.App. 473, 482 [11 P.2d 444]; Code Civ. Proc., §§ 462, 588, 1868, 1870 subds. (1), (15); see I Wigmore on Evidence [3d ed. 1940], p. 9, § 2.) Evidence which is not pertinent to the issues raised by the pleadings is immaterial, and it is error to allow the introduction of such evidence. (*Estates of Boyes,* 151 Cal. 143, 147 [90 P. 454]; *Moss* v. *Youngblood,* 187 Ga. 188 [200 S.E. 689, 692]; *Nantahala Power & Light Co.* v. *Sloan,* \*227 N.C. 151 [41 S.E.2d 361, 362]; see 10 Cal.

---

\*In the cited case it was squarely held that it was error to admit evidence on an issue not raised by the pleadings. A prior judgment was held to be not admissible either to prove the existence of an easement or to establish the amount of damages. As to the first ground the court stated: ''Here the existence and the extent of the original easement are alleged in the petition and not denied in the answer. Therefore, the respondent admitted the existence and extent of the petitioner's easement prior to raising its dam one

Jur. 797, § 98; 21 Cal.Jur. 157, § 106; Code Civ. Proc., § 1868; cf. *Kurn* v. *Counts,* 247 Ala. 129 [22 So.2d 725]; *Hanskett* v. *Broughton,* 157 Minn. 83 [195 N.W. 794].)

It follows, therefore, if an issue has been removed from a case by an admission in the answer, that it is error to receive evidence which is material solely to the excluded matter. This, of course, does not mean that an admission of liability precludes a plaintiff from showing how an accident happened if such evidence is material to the issue of damages. In an action for personal injuries, where liability is admitted and the only issue to be tried is the amount of damage, the force of the impact and the surrounding circumstances may be relevant and material to indicate the extent of plaintiff's injuries. (*Johnson* v. *McRee,* 66 Cal.App.2d 524, 527 [152 P.2d 526]; *Martin* v. *Miqueu,* 37 Cal.App.2d 133, 137 [98 P.2d 816].) Such evidence is admissible because it is relevant and material to an issue remaining in the case.

The defendant here by an unqualified statement in his answer admitted liability for the deaths of the children, and the sole remaining question in issue was the amount of damages suffered by the parents. In an action for wrongful death of a minor child the damages consist of the pecuniary loss to the parents in being deprived of the services, earnings, society, comfort and protection of the child. (*Bond* v. *United Railroads,* 159 Cal. 270, 285 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A.N.S. 687].) The manner in which the accident occurred, the force of the impact, or defendant's intoxication could have no bearing on these elements of damage. The evidence, therefore, was not material to any issue before the jury, and its admission was error.

In support of their contention that they had a right to prove the circumstances of the accident, although such evidence had no relation to the sole remaining issue of damages, plaintiffs strongly rely on *Martin* v. *Pacific Gas & Elec. Co.,*

vertical foot. Such admission is as binding on the parties as if found by the jury, and 'evidence offered in relation thereto is irrelevant.' . . . It having been admitted that the petitioner held an easement . . ., the judgment was admissible in this proceeding, if admissible at all, only upon the question of damages.'' With respect to the question of damages the court held that the evidence was not admissible because it was too remote and because it was a consent judgment. (*Nantahala Power & Light Co.* v. *Sloan,* 227 N.C. 151 [41 S.E.2d 361, 362-363].)

203 Cal. 291 [264 P. 246]. The plaintiff in that case was injured by contact with a highly-charged power line owned and operated by defendant. The complaint alleged in one paragraph that defendant so negligently maintained the line that a wire broke and fell to the ground, and in a separate paragraph it was alleged that defendant negligently left the wire unguarded on the ground. At the opening of the trial defendant admitted that it was negligent in allowing the wire to remain on the ground and that plaintiff was thereby injured. Plaintiff was nevertheless permitted to present evidence in support of all acts of negligence alleged in the complaint, and a judgment in his favor was affirmed on appeal.

The views of the justices who participated in the Martin decision (203 Cal. 291) were expressed in four separate opinions with the unfortunate result that considerable confusion has arisen with respect to the holding of the case. Three members of the court, in an opinion written by Justice Preston, took the position that defendant's admission covered only one of two specific acts of negligence charged in the complaint and that therefore the trial court properly refused to limit the proof. In a separate opinion, two justices expressed the view that, since it was not alleged that one of the asserted acts of negligence constituted a proximate cause of the injury, it was error to allow the introduction of evidence of that act. They were of the opinion, however, that it was not reversible error because the verdict was not excessive. These two justices did not discuss the propriety of presenting evidence of the circumstances of an accident after an admission of liability. A sixth justice stated that, while it might have been error for the trial court to permit proof of negligence after defendant's admission, the judgment should be affirmed because there was no miscarriage of justice. The seventh justice dissented on the grounds that defendant's admission amounted to a withdrawal of every denial of negligence, that it was error to allow any evidence of matters which were no longer at issue, and that the error was prejudicial. It thus appears that, although six justices were of the view that the judgment should be affirmed, a majority of the court did not agree upon the reasons for the result.

The Martin case does *not* hold that it is proper to introduce evidence of the circumstances of an accident after

a full and complete admission of liability where such evidence is not material to the sole remaining issue of damages. The most that can be said in that regard is that three members of the court took the position that it was not error to allow proof of the circumstances of the accident because the oral admission made on behalf of defendant at the opening of the trial was so limited that it did not constitute a full admission of liability. There is, however, an erroneous statement in the opinion written by Justice Preston which the trial court relied on in the present case and which has been followed in three District Court of Appeal decisions (*House v. Pacific Greyhound Lines*, 35 Cal.App.2d 336, 342 [95 P.2d 465]; *Rowe v. Rennick*, 112 Cal.App. 576, 579-580 [297 P. 603]; *Behrendt v. Times-Mirror Co.*, 30 Cal.App.2d 77, 83 [85 P.2d 949]). The statement reads: "Indeed it never has been the law that it was or could be error to prove even admitted allegations of the pleadings if the patience of the trial court would permit it." (203 Cal. 291, 299.) We do not agree. The test of the admissibility of evidence, so far as relevancy and materiality is concerned, is not whether the judge presiding at the trial is patient or impatient but whether the evidence is relevant and material.

█ It is true that the trial judge may, in his discretion, exclude cumulative, although relevant, evidence to avoid confusing the jury or wasting the time of the court. (*Douillard v. Wood*, 20 Cal.2d 665 [128 P.2d 6]; *Estate of Wineteer*, 176 Cal. 28 [167 P. 516]; VI Wigmore on Evidence [3d ed., 1940] 576-578.) A different rule applies, however, to evidence offered with respect to an issue entirely removed by the pleadings. Such evidence is not merely cumulative on a material issue but is completely irrelevant and there is no room for the exercise of discretion. The cases of *House v. Pacific Greyhound Lines*, 35 Cal.App.2d 336 [95 P.2d 465], *Rowe v. Rennick*, 112 Cal.App. 576 [297 P. 603], and *Behrendt v. Times-Mirror Co.*, 30 Cal.App.2d 77, [85 P.2d 949], are disapproved insofar as they are inconsistent with the views expressed herein.

█ The introduction of evidence of admitted facts is permissible in cases where the admission is ambiguous in form or limited in scope or where, during the trial of a case, a party seeks to deprive his opponent of the legitimate force and effect of material evidence by the bald admission of a probative fact. (See *Dunning v. Maine Cent. R. Co.*, 91

Me. 87, 97 [39 A. 352, 356, 64 Am.St.Rep. 208]; *Baumier* v. *Anteau,* 79 Mich. 509 [44 N.W. 939, 941]; *Eesley Light & Power Co.* v. *Commonwealth Power Co.,* 172 Mich. 78 [137 N.W. 663, 664]; *Webster* v. *P. W. Moore & Son,* 108 Md. 572 [71 A. 466, 469]; *John Hancock Mutual Life Insurance Co.* v. *Moore,* 34 Mich. 41, 43; *Ruppel* v. *Clayes,* 230 Mo.App. 699 [72 S.W.2d 833, 835-836]; *Bank of North America* v. *Crandall,* 87 Mo. 208; *Henderson* v. *Ball,* 193 Iowa 812, [186 N.W. 668, 672]; *Stevens* v. *Citizens Gas & E. Co.,* 132 Iowa 597 [109 N.W. 1090, 1091]; *Carter* v. *Ray,* 70 Ga.App. 419 [28 S.E.2d 361, 369]; *Priest* v. *Inhabitants of Groton,* 103 Mass. 530, 538-540; *McHenry* v. *United States,* 276 F. 761, 766 [51 App.D.C. 119]; *State* v. *Young,* 52 Ore. 227 [96 P. 1067, 132 Am.St.Rep. 689, 18 L.R.A.N.S. 688]; *People* v. *Fredericks,* 106 Cal. 554 [39 P. 944]; *In re Mason's Will,* 82 Vt. 160 [72 A. 329, 330]; see also IX Wigmore on Evidence [3d ed. 1940], § 2591; 53 Am.Jur. 94.)

These cases must be distinguished from the present case where an entire issue has been completely eliminated by a clear and unequivocal admission in the pleadings. For example, in the case of *Dunning* v. *Maine Cent. R. Co.,* 91 Me. 87, 97 [39 A. 352, 356, 64 Am.St.Rep. 208] which is cited in the Martin case, (203 Cal. at p. 299), the plaintiff sued to recover damages for loss caused by a fire alleged to have been started by one of defendant's locomotives. Against objection plaintiff was permitted to introduce evidence to show that defendant's engines emitted sparks which spread fires and that such fires had been seen in the immediate vicinity of the track shortly after the passage of trains. Defendant sought to prevent plaintiff from presenting this evidence by an oral statement admitting ''the possibility of engines setting fires.'' The admission was not only more limited in scope than the evidence but its obvious purpose was to ''rob the evidence of much of its fair and legitimate weight.'' (91 Me. 87, 97 [39 A. 352, 356, 64 Am.St.Rep. 208].) The court properly held that it did not lie within the power of one party to limit the proof by this device.

In determining whether the defendant here was prejudiced by the erroneous admission of immaterial evidence which may have tended to increase the amount of the verdict, we are not, of course, confronted with identically the same problem as that presented in a case where the claim of excessive damages is based solely on the contention that the verdict is the result of passion or prejudice. It is true,

as argued by defendant, that we cannot say with certainty to what extent the jury in arriving at the amount of the verdict may have been influenced by the admission of the immaterial evidence. If, however, the amount awarded plaintiffs is not disproportionate to the loss suffered, the error has not resulted in a miscarriage of justice, and the judgment should be affirmed. (See Cal.Const., art. VI, § 4½.)

The parents in each case were entitled to recover for the pecuniary loss they suffered by reason of the death of their son, and in determining that loss the jury could take into consideration the benefits that the parents were reasonably certain to have received from the earnings and services of their child during his minority, the support and financial benefit which they would have received from the child after it reached majority, and also the pecuniary loss which the parents suffered and will suffer in the future by being deprived of the comfort, society and protection of the child. As an offset to these factors, consideration must be given to what it would have cost the parents to support and educate the child, had he lived. It is manifestly difficult to measure some of these factors in dollars and cents, and a rough estimate of the pecuniary loss which the parents have suffered is the most that can be expected in these cases.

In *O'Meara* v. *Haiden*, 204 Cal. 354 [268 P. 334, 60 A.L.R. 1381], it was held that $10,000 was not an excessive amount to allow as general damages for the death of a boy 7 years of age. The boys involved in this accident were approximately 12 years old when they were killed. Certainly the sum of $7,500, which was awarded by the jury in each case, cannot be said to be an unreasonable amount to allow for the wrongful death of a child of that age, and the verdicts are not so large as to indicate that the jury was unduly influenced by the admission of the immaterial testimony in question. It does not appear, therefore, that the error resulted in a miscarriage of justice.

Defendant also contends that it was error to permit the mothers of the boys to be joined as plaintiffs. The right of action for wrongful death under Code of Civil Procedure, sections 376, 377, is entirely statutory, and the action must be brought in the names of the persons to whom the right is given by statute. (*Salmon* v. *Rathjens*, 152 Cal. 290, 294 [92 P. 733]; *Evans* v. *Shanklin*, 16 Cal.App.2d. 358 [60 P.2d 554]; see 24 Cal.L.Rev. 231.) The persons specified in the

statute, therefore, are the only parties entitled to sue, and there is no authority for the joinder of other parties regardless of the fact that they may have sustained or suffered some damage or loss. Except in certain circumstances not here present, the father alone is authorized to bring an action for the death of a minor child. (Code Civ. Proc., § 376.) This provision is in accord with the general rule in California that the husband has the management and control of community property and ordinarily must bring any action concerning it. (For the general rule, see Civ. Code, §§ 172, 172a; *Sanderson* v. *Niemann,* 17 Cal.2d 563, 567 et seq. [110 P.2d 1025] ; *Moody* v. *Southern Pacific Co.,* 167 Cal. 786, 789 et seq. [141 P. 388] ; *Johnson* v. *National Surety Co.,* 118 Cal. App. 227, 229-230 [5 P.2d 39] ; *Sternes* v. *Sutter Butte Canal Co.,* 99 Cal.App. 465, 471-472 [278 P. 921].) The mother is a·necessary or proper party in an action for the death of a minor only in those instances in which the statute expressly authorizes her to sue. The suggestion made in *House* v. *Pacific Greyhound Lines,* 35 Cal.App.2d 336, 344 [95 P.2d 465], *Keena* v. *United Railroads of S. F.,* 57 Cal.App. 124, 131 [207 P. 35], and *Abos* v. *Martyn,* 10 Cal.App.2d 698, 700 [52 P.2d 987], that the mother may be a proper party and may join with the father in cases in which the father alone is authorized by statute to sue, must be disapproved.

Defendant claims he was prejudiced by the misjoinder because the presence of the mothers ''as plaintiffs would tend to augment the damages.'' It has already been determined that the verdicts are not disproportionate to the loss suffered, and, moreover, it does not appear that the joinder of the mothers as parties tended to increase the amounts awarded. The damages include the loss suffered by both the father and the·mother, and the proceeds of the judgment are community property. (*Sandberg* v. *McGilvray-Raymond etc. Co.,* 66 Cal.App. 261, 272 [226 P. 28] ; see opinion on denial of hearing in *Keena* v. *United Railroads of S. F.,* 57 Cal.App. 124, 132 [207 P. 35].) The mothers, of course, could be present at the trial and testify as witnesses even though they were not parties to the action, and their relationship to the children was properly disclosed in their testimony.

The judgments are affirmed.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion but I cannot agree with the reasoning upon which it is based. It is in direct conflict, not only with all of the decisions of this court and the District Courts of Appeal during the past 20 years, but is out of harmony with the uniform rule announced in other jurisdictions as well as the leading texts on the subject, including the Model Code of Evidence, adopted and promulgated by the American Law Institute. Notwithstanding this array of authority, and without the citation of any authority whatever which supports its position, the majority decision overrules and disapproves the cases of *Martin* v. *Pacific Gas & Electric Co.*, 203 Cal. 291 [264 P. 246]; *House* v. *Pacific Greyhound Lines*, 35 Cal.App.2d 336 [95 P.2d 465]; *Rowe* v. *Rennick*, 112 Cal.App. 576 [297 P. 603], and *Behrendt* v. *Times-Mirror Co.*, 30 Cal.App.2d 77, 79 [85 P.2d 949], and fails to even mention the numerous decisions which support the rule announced in these cases.

The majority opinion in overruling the decision of this court in *Martin* v. *Pacific Gas & Electric Co.*, 203 Cal. 291 [264 P. 246], disapproves the statement in that decision that "it never has been the law that it was or could be error to prove even admitted allegations of the pleadings if the patience of the trial court would permit it." The majority opinion fails to state, however, that the above holding in the Martin case was at the time said decision was rendered and still is in accord with the weight of authority. In support of the above-quoted statement from the decision in the Martin case, the following authorities are cited: 26 R.C.L., § 40, p. 1036; *Dunning* v. *Maine Cent. Ry. Co.*, 91 Me. 87, [39 A. 352, 64 Am.St.Rep. 208]). Other authorities supporting this rule are: 64 C.J. 112, § 116d; 53 Am.Jur., § 105; Ann. Cases, 1916D, p. 698; Wigmore on Evidence [3d ed], § 2591; Model Code of Evidence, rules 3, 4, 303; *Ruppel* v. *Clayes*, 230 Mo.App. 699 [72 S.W. 2d 833]; *Carter* v. *Ray*, 70 Ga. App. 419 [28 S.E. 2d 361]; *State* v. *Young*, 52 Ore. 227 [96 P. 1067, 132 Am.St.Rep. 689, 18 L.R.A.N.S. 688]; *People* v. *Fredericks*, 106 Cal. 554 [39 P. 944]; *In re Mason's Will*, 82 Vt. 160 [72 A. 329]; *McHenry* v. *United States*, 276 F. 761 [51 App.D.C. 119]; *Henderson* v. *Ball*, 193 Iowa 812 [186 N.W. 668]; *Dalton* v. *Calhoun County Dist. Ct.*, 164 Iowa 187 [145 N.W. 498]; *Stevens* v. *Citizens Gas & Elec. Co.*, 132 Iowa 597 [109 N.W. 1090]; *Eesley Light & Power Co.* v. *Commonwealth Power Co.*, 172 Mich. 78 [137 N.W. 663];

*Baumier* v. *Antiau,* 79 Mich. 509 [44 N.W. 939]; *Hammond* v. *Hammond,* 247 Mass. 239 [142 N.E. 44]; *Brown* v. *Brown,* 208 Mass. 290 [94 N.E. 465]; *Terre Haute Electric Co.* v. *Kieley,* 35 Ind.App. 180 [72 N.E. 658]; *Branner* v. *Nichols,* 61 Kan. 356 [59 P. 633]; *Schroth* v. *Philadelphia Rapid Transit Co.,* 280 Pa. 36 [124 A. 279]; *Hambleton* v. *U. Aja Granite Co.,* 95 Vt. 295 [115 A. 102]; *Webster* v. *P. W. Moore & Son,* 108 Md. 576 [71 A. 466]; *John Hancock Mutual Life Ins. Co.* v. *Moore,* 34 Mich. 41; *Kimball & Austin Mfg. Co.* v. *Vroman,* 35 Mich. 310 [24 Am.Rep. 558]; *Jones* v. *Allen,* 85 F. 523 [29 C.C.A. 318]; *Clayton* v. *Brown,* 30 Ga. 490; *Priest* v. *Inhabitants of Groton,* 103 Mass. 530; *Dorr* v. *Tremont Nat'l Bank,* 128 Mass. 349; *Bank of No. America* v. *Crandall,* 87 Mo. 208. The rule is stated as follows in Corpus Juris, *supra:* "It does not lie in the power of one party to prevent the introduction of relevant evidence by admitting the fact which such evidence tends to prove. A party is not bound to take his adversary's admission. That no attempt is made to disprove a fact does not necessarily exclude proof of it. Although the burden is on a party to show a fact, the opponent is not thereby prevented from introducing evidence to negative such fact so as to avoid adverse inferences, at least the admission of evidence to prove matters not controverted is within the discretion of the court. The court is not bound to hear evidence of admitted facts, and if it does hear the evidence, it must be limited to what would be admissible if the concession had not been made." (64 C.J. § 116d.)

And American Jurisprudence states the rule thus: "It does not lie in the power of one party, however, to prevent the introduction of relevant evidence by admitting in general terms the fact which such evidence tends to prove. The admission of such evidence is a matter resting in the discretion of the judge presiding at the trial. While he is not bound to receive or to take the time to hear evidence offered in proof of a fact admitted by one's adversary, if, in his discretion he deems it proper to receive such evidence, no exception lies to its admission, assuming that it is relevant and competent under the circumstances. Parties, as a general rule, are entitled to prove the essential facts—to present to the jury a picture of the events relied on. To substitute for such a picture a naked admission might have the effect of robbing the evidence of much of its fair and legitimate weight. Thus, in a number of criminal cases, the defendant's offer to concede

or stipulate certain facts has been held not to preclude the prosecution's rejection of the offer and introduction of evidence to establish the same facts." (53 Am.Jur. § 105.)

Mr. Wigmore states the rule as follows: "Nevertheless, a colorless admission by the opponent may sometimes have the effect of depriving the party of the legitimate moral force of his evidence; futhermore, a judicial admission may be cleverly made with grudging limitations or evasions or insinuations (especially in criminal cases), so as to be technically but not practically a waiver of proof. *Hence, there should be no absolute rule on the subject; and the trial Court's discretion should determine whether a particular admission is so plenary as to render the first party's evidence wholly needless under the circumstances.*" [Emphasis added.] Wigmore on Evidence, [3d ed.], § 2591.)

The Model Code of Evidence adopted and promulgated by the American Law Institute contains the following provisions relative to the admission of evidence to prove an admitted fact: Rule 3. "If the judge makes a formal finding that there is no bona fide dispute between the parties as to a material matter, all evidence relevant thereto shall be admissible, subject to Rule 303 and to any valid claim of privilege." Rule 4. "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission or exclusion of evidence relevant to a matter if the court which passes upon the effect of the error determines from concessions of counsel or any part of the record that there was no bona fide contention as to the matter inconsistent with the verdict or finding." Rule 303. "(1) The judge may in his discretion exclude evidence if he finds that its probative value is outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered. (2) All Rules stating evidence to be admissible are subject to this Rule unless the contrary is expressly stated." (Model Code of Evidence, pp. 76, 77, 78, 180.)

The authorities cited in support of the foregoing texts include cases from California, Georgia, Indiana, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Missouri, Penn-

sylvania and Vermont. All of these authorities support the rule announced in the Martin case and the other cases following this rule which are disapproved by the majority opinion. The majority opinion cites some of the above-cited cases but makes the following erroneous and misleading statement with respect to the rule announced therein: ''The introduction of evidence of admitted facts is permissible in cases where the admission is ambiguous in form or limited in scope or where, during the trial of a case, a party seeks to deprive his opponent of the legitimate force and effect of material evidence by the bald admission of a probative fact.'' To conclusively demonstrate the inaccuracy of the last-quoted statement from the majority opinion I shall analyze each of the cases which I have cited and set forth excerpts from the opinions accurately disclosing the holding therein.

The case of *Ruppel* v. *Clayes*, 230 Mo.App. 699 [72 S.W. 2d 833], cited in the majority opinion, was a personal injury action in which the plaintiff alleged that the defendant, while intoxicated, negligently caused his automobile to collide with plaintiff causing the personal injury complained of. The defendant's answer denied the allegations of the complaint, but prior to the introduction of evidence his counsel made an admission of liability. Over defendant's objection, plaintiff was permitted to introduce evidence showing defendant's intoxication. Plaintiff recovered a judgment and on appeal defendant claimed that the admission of such evidence was error because there was no issue as to his liability after his admission. In answering defendant's contention, the Missouri Court of Appeals stated: ''Defendant further complains that the court erred in permitting plaintiff, over the objection of defendant, to introduce evidence indicating that the defendant was under the influence of liquor at the time of the accident. In support of his contentions defendant argues at the start of the case, the evidence complained of had no bearing on the extent of plaintiff's injuries, or the amount of damages to be awarded, and, since there was no prayer for punitive damages in plaintiff's petition, such opening statement and such evidence were only calculated to inflame and prejudice the jury against defendant. . . .

''We are of the opinion that, even if defendant had made an unqualified general 'admission of liability' instead of the decidedly qualified one which he did make, it would, neverthe-

less, have been the privilege of plaintiff to make such statement to the jury and to introduce, in his own way, such evidence as was relevant to the issue referred to. We know of no rule of law under which plaintiff could have been deprived of this privilege by such qualified admissions as were made by defendant herein. . . .

"Having this principle in mind, we think it is proper to say in the case at bar that, if defendant was under the influence of intoxicating liquor at the time of the accident, it was his misfortune, but defendant's misfortune in this respect cannot deprive plaintiff of the right to present to the jury, in his own way, competent and relevant evidence to show all the circumstances attending the accident.

"Counsel for defendant cite no case, and we have not been able to find any, in which it has been held that a party plaintiff is bound to accept the admissions of a party defendant with respect to an issue in the case and is precluded by such admission from presenting his evidence to prove his case in his own way.

"The general rule is stated in 22 C.J. p. 330, as follows: 'A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact. . . .'

"*We are of the opinion that plaintiff was under no duty to accept defendant's offer of an admission of liability, qualified or unqualified, and we see nothing in the record tending to show any effort on the part of plaintiff, or his counsel, to inflame the minds of the jurors against defendant in presenting this feature of the case.*

"We therefore hold that the court committed no error in overruling defendant's objection to the statement made to the jury by plaintiff's counsel, nor did the court commit any error in permitting plaintiff to introduce the evidence referred to." [Emphasis added.]    (Pp. 833, 835, 836 [72 S.W.2d].)

In the case of *Carter* v. *Ray,* 70 Ga.App. 419 [28 S.E.2d 361], the court said: "Evidence that is relevant cannot be kept from the jury by a waiver on that point or admission of fact, if the party desires the testimony out. . . . If there were two legal methods of procedure by which the plaintiff could make out the case, the one the plaintiff preferred to follow, and the other, the one that defendant preferred that plaintiff should follow; there was no error in the allowing the

plaintiff to elect which legal method of procedure he would adopt." (P. 369 [28 S.E.2d].)

In the case of *State* v. *Young,* 52 Ore. 227 [96 P. 1067, 132 Am.St.Rep. 689, 18 L.R.A.N.S. 688], defendant was convicted of assault with a dangerous weapon. He appealed and claimed as error the admission of testimony by two physicians as to the number and character of the gunshot wounds on the body of the victim, on the theory that defendant having admitted the assault and pleaded justification, the extent of the injury done and the manner in which it was done became incompetent and immaterial. In answer to this contention the Supreme Court of Oregon held that the plea of not guilty is a denial of the allegations in the indictment. "The burden of proving each material element of the charge beyond a reasonable doubt was upon the state and the right to offer and have received evidence relevant and material to the issue cannot be taken away by defendant admitting or offering to admit that the part of the charge sought to be proven is true. Evidence of facts which in themselves are relevant to the guilt of the accused are not inadmissible because he admits or offers to admit that such facts are true." Here the evidence offered was material and relevant so no error was committed.

In the case of *People* v. *Fredericks,* 106 Cal. 554 [39 P. 944], the defendant was convicted of murder and on appeal contended as error the admission of evidence as to the pursuit and capture of defendant after facts in connection therewith were admitted by him. The court held that the prosecution in a criminal case has the right to prove facts pertaining to the crime when it deems that course advisable rather than take the admission of the defendant as to such facts.

In the case of *In re Mason's Will,* 82 Vt. 160 [72 A. 329], the contestants against whom a decree was entered in a will contest appealed claiming it was error to allow a witness to testify as to an interview showing that the testatrix was sane at a certain time when such had been admitted by contestants. In affirming the judgment, the Supreme Court of Vermont said: "It is ordinarily within the discretion of the court to reject or receive evidence of a fact that is conceded. (Citations.) But the nature of the evidence offered and its relation to the conceded fact and to the main issue may be such that any action of the court thereon will be revisable." (P. 330 [72 A.].)

In the case of *McHenry* v. *United States,* 276 F. 761 [51 App.D.C. 119], defendant appealed from a judgment of conviction of murder which occurred while a policeman was attempting to arrest him on a suspected charge of robbery. On appeal, defendant claimed that since he had admitted that at the time of the shooting of the officer he was suspected of having committed a robbery, it was error for the court to allow, over defendant's objection, evidence of the details of the robbery. In affirming the judgment of conviction, the Court of Appeals of the District of Columbia held that such admission was insufficient to require the exclusion of evidence of the previous robbery and murder, for which the arrest was attempted, since the offer did not disclose as did the evidence, defendant's motive for resisting the arrest. The court has considerable latitude on questions of motive and if the evidence has a legitimate bearing on the question in issue, there is no error in admitting it.

In the case of *Henderson* v. *Ball,* 193 Iowa 812 [186 N.W. 668], plaintiff brought an action for damages as the result of fraudulent and misleading advertisements and correspondence promulgated by defendant. Defendant's answer alleged that whatever statements are shown to have been made by him, such were knowingly made. At the trial defendant contended that this admission had the effect of rendering immaterial and inadmissible any evidence of proof of defendant's fraudulent intent. The trial court refused to allow plaintiff to show defendent's fraudulent intent and directed a verdict for defendant. In reversing the judgment the Supreme Court of Iowa held that such evidence was admissible, stating: "A hypothetical admission of that nature will not preclude the other party from proving the wrongful intent in the usual manner by other competent testimony."

In the case of *Stevens* v. *Citizens Gas & Electric Co.,* 132 Iowa 597 [109 N.W. 1090], a fireman in the course of his duty ran his buggy into a pile of dirt allegedly negligently left there by defendant gas company as the result of certain excavations. Defendant's answer pleaded consent and permission of the city to make the excavations. Plaintiff admitted defendant had permission of the city to lay the gas main and objected to defendant's offer of evidence of a permit giving permission by the city. The objection was sustained, and on appeal it was held to be error to have sustained the objection but not prejudicial. The court stated in sub-

stance that it was not for the plaintiff to control the introduction by defendant of its evidence by making an admission nor could the scope and effectiveness of the evidence offered be limited or controlled in such a manner.

In the case of *Baumier* v. *Antiau,* 79 Mich. 509 [44 N.W. 939], plaintiffs brought suit for damages for unlawful dispossession and recovered judgment. On appeal, defendants claimed that by reason of their offer on the trial to admit that plaintiffs were kept out of possession of the premises by defendants, it was error to permit them to give evidence of that fact and the circumstances attending it. The court in affirming the judgment said "the right of the plaintiffs to present their proofs to the jury, in their own way, subject to the rules of evidence, was a substantial and important one. Defendants, by their proffered admission, could not deprive them of it. The res gestae of a transaction are usually significant, and tend to enlighten the jury upon the matter in issue."

In the case of *Terre Haute Elec. Co.* v. *Kieley,* 35 Ind.App. 180 [72 N.E. 658], plaintiff sued for the wrongful death of her husband who was a motorman killed while operating one of defendant's streetcars due to defective brakes. At the trial a physician who attended the deceased was allowed over defendant's objection to testify relative to the character of his injuries and resulting death. Pending the examination of the physician, defendant offered to admit that the death was caused by the injuries received in the accident, and on appeal from an adverse judgment, it contended that the admission of such evidence was error. In holding it was not error, the Supreme Court of Indiana stated that: "One may not thus limit his adversary's method of making proof."

In the case of *Schroth* v. *Philadelphia Rapid Transit Co.,* 280 Pa. 36 [124 A. 279], plaintiff claimed injuries as the result of the negligent operation of one of defendant's streetcars while she was riding thereon as a passenger. Defendant admitted negligence and objected to evidence offered by plaintiff to the effect that immediately before the car left the track it struck a curve and a passenger was thrown against a window. The Supreme Court of Pennsylvania held that the evidence was properly admitted as a part of the res gestae of the accident itself, and as tending to show that the car left the track because of the excessive speed at which it was running, thus furnishing some evidence of the cause of

the accident and tending to show defendant's negligence. The court stated: "The fact that defendant made no attempt to disprove negligence did not necessarily exclude proof of it."

In the case of *Webster* v. *P. W. Moore & Son*, 108 Md. 576 [71 A. 466], an action was brought to recover the contract price for a carload of tomatoes. During the trial one Simmons, a canned goods broker through whom the sale from plaintiff to defendant was made, was asked what was the value of No. 3 standard tomatoes on September 8, 1906, for the purpose of showing that the contract price was the full market price. Plaintiff objected, but conceded that the contract price was the full market price that day and the court sustained the objection. Later in the trial the same question was read from a deposition and the answer of 75 cents was also read. Plaintiff objected and defendant stated he expected to show by the answer that he had agreed to give a price equal to the market price. The court sustained the objection on the ground that the matter thus proposed to be proved had already been conceded when the ruling on the first question had been made. On appeal, the case was reversed on other grounds but the court went on to say that "upon principle it would seem *that there ought not to be laid down a hard and fast rule compelling a party, against his will, to accept his adversary's concession of a bare fact sought to be proved in lieu of the evidence by which the fact is proposed to be established.* There are, no doubt, cases in which no actual injustice would be worked by such a rule, but there are others in which the strength of a proponent's case would be greatly weakened by its application. The excluded answer showed that the contract price was 2½ cents above the market price of that day, and thus illustrates the obvious difference in effect in some cases between a naked concession of a fact and the production of the evidence by which the fact is proposed to be established. We have not had pointed out to us any specific injury worked to the defendant in this case, by the ruling complained of; and in the absence of injury, the error cannot be held reversible; *but we cannot give our sanction to the laying down of a general rule which would deprive a party of his right to produce to the jury, in his own time and way, the evidence upon which he relies, and which is legally admissible for that purpose.*" [Emphasis added.]

In the case of *Dunning* v. *Maine Central R. Co.*, 91 Me. 87 [39 A. 352, 64 Am.St.Rep. 208] plaintiff brought an action to recover for the loss of property by fire alleged to have been caused by one of defendant's locomotives. Plaintiff introduced evidence to the effect that other fires had been caused by defendant's locomotives. Before this testimony was admitted defendant's counsel expressly admitted the possibility of engines setting fires and objected to the evidence offered by plaintiff on the ground that because of this admission the testimony even if otherwise relevant and admissible to show such a possibility should be excluded. The court overruled defendant's objection and on appeal from a judgment for plaintiff, defendant contended that the admission of such evidence was reversible error. In affirming. the judgment for plaintiff the Supreme Court of Maine stated: "Also, before the testimony concerning other fires was admitted, the defendant's counsel expressly admitted, the possibility of engines setting fires; and he now claims that, because of this admission, the testimony, even if otherwise relevant and admissible to show such a possibility, should have been excluded. We do not think so.

"It does not lie in the power of one party to prevent the introduction of relevant evidence by admitting in general terms the fact which such evidence tends to prove, if the presiding justice, in his discretion, deems it proper to receive it. Parties, as a general rule, are entitled to prove the essential facts,—to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight. No exception lies to the admission of relevant evidence under such circumstances." (P. 356 [39 A.].)

In the case of *John Hancock Mut. Life Ins. Co.* v. *Moore*, 34 Mich. 41, a beneficiary under a policy of insurance brought action to recover on the policy. Defendant insurance company admitted that proofs of death had been submitted to the company under the requirements of the policy. At the trial plaintiff offered such proofs in evidence and defendant objected on the ground that the same were irrelevant because of the admission. On appeal, the Supreme Court of Michigan held there was no error in the reception of the evidence. That the admission by defendant that such proofs had been furnished did not render it improper to produce the docu-

mentary evidence thereof and thus prevent any subsequent excuse as to the meaning and extent of the admission. The court said: "It would be difficult to see how a party can be damnified by proof which accords with his admissions."

In the case of *Kimball & Austin Mfg. Co.* v. *Vroman*, 35 *Mich.* 310 [24 Am.Rep. 558], plaintiff brought an action for breach of warranty against defendant corporation. Defendant's counsel admitted that the defendant was a corporation and objected to the production of its articles of incorporation. On appeal, it was held by the Supreme Court of Michigan that the articles of incorporation were properly received, as *"it would be absurd to hold that any party by his bald admissions on trial could shut out legal evidence."* [Emphasis added.]

In the case of *Clayton* v. *Brown*, 30 Ga. 490, plaintiff brought an action against the defendant for conversion of a negro slave. Defendant admitted the conversion. Over defendant's objection plaintiff was allowed to put in evidence as to the conversion. On appeal, the Supreme Court of Georgia held that such evidence was properly admitted. That the testimony was relevant to the issue, showing a conversion of the negro by defendant and could not be excluded simply because the opposite party was willing to admit a conversion, and the plaintiff was not bound to accept defendant's admission.

In the case of *Priest* v. *Inhabitants of Groton*, 103 Mass. 530, plaintiff was injured by a defect in a highway which defendant town was bound to keep in repair. At the trial the only defect contended for was the absence of a railing by the side of the way at the time of the accident and the defendant did not deny there was no such railing at that time but only that the absence of it was not a defect and conceded that it had been in substantially the same condition for the five years past and that its condition was well known to all. On appeal, the Supreme Court of Massachusetts held that plaintiff was not bound to accept this concession, and might prove both that the defect existed more than 24 hours and that the town had notice of it.

In *Dorr* v. *Tremont Nat. Bank*, 128 Mass. 349, an action was brought to compel defendant corporation to issue certificates of stock to plaintiff. Plaintiff objected to the introduction of certain correspondence offered in evidence by defendant on the ground that the facts sought to be established thereby were conceded and the court excluded the evidence. On ap-

peal by defendant, and in response to its contention that the correspondence was admissible, the Supreme Court of Massachusetts said: ''Whether further evidence shall be received upon a point expressly admitted by the adverse party is wholly within the discretion of the judge presiding at the trial.''

While the 18 cases above analyzed constitute only a few of the decided cases which support the rule announced in the Martin case (overruled by the majority decision) there are two other cases which deserve mentioning. They are *Kurn* v. *Counts*, 247 Ala. 129 [22 So.2d 725], and *Hanskett* v. *Broughton*, 157 Minn. 83 [195 N.W. 794]. These cases purport to support the rule announced in the majority decision but the opinion in each case is poorly reasoned and no authority is cited in support of either case. In the case of *Kurn* v. *Counts*, *supra*, there was involved an action under an Alabama homicide statute which provided for a recovery of punitive damages only. Plaintiff's husband was killed in a railroad crossing accident and she sued the railroad company for damages. At the trial defendant stipulated that the deceased died as the result of the injuries received in the accident. Over defendant's objection, plaintiff was permitted to testify as to deceased's age, health and absence of physical defects at the time of the accident. Plaintiff recovered a judgment which was reversed on appeal, the Supreme Court of Alabama holding that since defendant stipulated that deceased died as the result of the injuries received in the accident, ''that counsel for plaintiff did not have any further burden in that respect, and he was not authorized to introduce prejudicial matters to prove an admitted fact.'' The alleged ''prejudicial matters'' was the testimony as to deceased's age, health and absence of physical defects at the time of the accident. I am confident that even those who join in the majority opinion in the case at bar would not sanction the rule announced in the Kurn case. The case is obviously unsound and no authority is cited for the rule announced therein. I am sure none can be found.

In the case of *Hanskett* v. *Broughton*, *supra*, plaintiff brought an action for personal injuries arising out of an automobile collision. Defendant by his answer denied negligence and pleaded contributory negligence on the part of plaintiff. Before the introduction of any evidence, defendant's counsel withdrew the denial of negligence and admitted that the

defendant was negligent. Notwithstanding this admission, plaintiff's counsel in his opening statement asserted that defendant was to some extent under the influence of intoxicating liquor at the time of the accident and during the presentation of plaintiff's case, witnesses were called who testified to facts relative to defendant's intoxication. This evidence was admitted over the objection of defendant. Plaintiff recovered a judgment which was reversed by the Supreme Court of Minnesota on the ground that plaintiff's counsel was guilty of misconduct in his statement to the jury and in presentation of evidence relating to defendant's intoxication and on the further ground the verdict was excessive. The court stated: "The introduction of that proof at the time and in the manner it was introduced was prejudicial error. There is such a general and righteously angry attitude of the public against drunken automobilists that the prejudice must be presumed. In consequence the error requires reversal.

"Where a reversal is necessitated by such conduct on the part of counsel for the prevailing party, we are not much disposed to search the record for circumstances calculated to cure the error. We have done so, however, and find none. The attempt to prove contributory negligence was not of such a nature as to lay a foundation for proof of defendant's intoxication. That evidence, scant at best, had to do with plaintiff's doings and condition, instead of those of defendant. Neither was there any issue as to the credibility of defendant which would have made material evidence of his then condition, as to sobriety or the lack of it.

"There is another reason why there must be a reversal. The amount of the verdict is large. An examination of the record convinces us that it is too large; but, confirmed as it is by the learned trial judge, we would not direct a new trial for excessive damages were it not for our conviction that the size of the verdict may be, and probably is, explained by the grossly unfair tactics of counsel for plaintiff. The proof of defendant's intoxication, improper as it was, is the least of his offending." (195 N.W. 794, 795.) No authorities are cited in the opinion in support of the holding that the admission of the evidence of intoxication was error, and on a petition for rehearing the court stated that: "The respondent's petition for rehearing is denied; but it makes one criticism of the opinion which is well taken, and we are grateful to counsel for calling attention to it. The point referred to is

that the opinion seems to place the reversal in part squarely upon misconduct alone. Obviously, that is a proper interpretation, although not the one intended, of the concluding paragraph of the opinion. It does not say just what should have been said. The fact is that the portion of the opinion dealing with misconduct is predicated solely upon our conclusion that the verdict seemed excessive, and that its size may have been due to misconduct of counsel.'' (Pp. 795, 796.)

I think it can fairly be said that the last-cited case is the only decision of a court of last resort in any American jurisdiction which supports the rule announced in the majority opinion in the case at bar. As stated before, no authority is cited in the Hanskett case in support of the rule there announced and the court does not in that case predicate its decision solely upon the inadmissibility of the evidence but upon the alleged misconduct of counsel for plaintiff in attempting to disclose the intoxication of the defendant at the time of the accident. As appears from the opinion of the court in denying the petition for rehearing in that case the reversal of the judgment was based upon excessive damages and the misconduct of counsel was treated as merely incidental to the excessive damages.

The basic theory of the majority opinion in the case at bar is that facts admitted are not in issue; that proof must be confined to the issues, and it is therefore error to admit evidence to prove an admitted fact. The opinion first cites the case of *Travelers Ins. Co.* v. *Byers,* 123 Cal.App. 473 [11 P.2d 444], which holds that if the facts alleged in the complaint are not denied, no evidence need be offered to prove their existence. This is elementary. But it does not follow that a court would commit error by permitting plaintiff to prove such facts.

The majority opinion next cites the cases headed by *Estate of Boyes,* 151 Cal. 143 [90 P. 454], which hold that evidence which is not pertinent to the issues raised by the pleadings is immaterial, and it is error to allow the introduction of such evidence. But these cases simply hold that evidence, in order to be relevant and material, must come within the purview of some allegation in the pleadings, otherwise it is not germane to any issue in the case. *Estate of Boyes* did not involve the question under discussion here but merely the question of whether the evidence was responsive to any allegation in the

pleadings in that case. The case of *Nantahala Power & Light Co.* v. *Sloan,* 227 N.C. 151 [41 S.E.2d 361], cited in the majority opinion, was a proceeding in eminent domain to acquire a flowage easement. A previous judgment had been entered by consent establishing the easement and the complaint in the eminent domain proceeding pleaded the existence of such easement. At the trial, plaintiff offered the previous judgment in evidence and it was admitted over the objection of the defendant. The court held the judgment inadmissible because it recited the amount which had been awarded to the condemnee for the easement already acquired by the condemnor. The court stated: "The Town of Franklin, pursuant to the terms of the consent judgment entered in 1928, paid this respondent and her children, the heirs at law of J. S. Sloan, the sum of $1,200 in full settlement for all damages growing out of the erection of the town's hydro-electric plant and the construction and maintenance of its 25-foot dam, which plant is now owned, maintained and operated by the petitioner herein. Evidence of the price paid for the original easement in 1928 is inadmissible to establish the value of the additional land taken in 1943. It is too remote. 'When the evidence is too remote in point of time to throw any light on the fact at issue, to wit, the fair market value of the property at the time of the taking, it is incompetent and should be excluded.' *State Highway Comm.* v. *Hartley, supra,* (218 N.C. 438 [11 S.E.2d 315])." It is obvious that this case does not support the rule announced in the majority opinion in the case at bar.

The majority opinion discusses the public policy of the rule announced in the Martin case, and states that to permit the application of that rule will result in delay in the conduct of litigation. There are two obvious answers to this argument; first, experience has shown that there are very few cases in which the problem arises, and trial judges are alert to prevent an abuse of the privilege of proving facts which are not in dispute if and when a party seeks to invoke the rule. Ordinarily, more time is consumed by objections to the evidence than is required for its introduction. Second, since the rule is a part of the body of law of this state through judicial pronouncement for a period of over 20 years, its repeal or repudiation is for the consideration of the Legislature and not the courts. Declarations of public policy are for the Legislature—not the judiciary.

In arguing against the soundness of the rule announced in the Martin case, the majority opinion states: "It is true that the trial judge may, in his discretion, exclude cumulative, although relevant, evidence to avoid confusing the jury or wasting the time of the court. (*Douillard* v. *Woodd*, 20 Cal. 2d 665 [128 P.2d 6]; *Estate of Wineteer*, 176 Cal. 28 [167 P. 516]; VI Wigmore on Evidence [3d ed., 1940] 576-578.) A different rule applies, however, to evidence offered with respect to an issue entirely removed by the pleadings. Such evidence is not merely cumulative on a material issue but is completely irrelevant and there is no room for the exercise of discretion." No authorities are cited in support of the last two sentences in the above-quoted excerpt and the rule therein announced is based upon the mere *ipse dixit* of the majority. While the majority opinion does not so state, I presume we are to assume that a different rule applies where a fact is admitted by the pleadings than where it is admitted in open court during the trial of the action. In other words, the majority opinion appears to draw a distinction between a case where negligence is admitted by the defendant in his answer and one where at the commencement of the trial the defendant in open court admits and offers to stipulate that all of the allegations of plaintiff's complaint are true. The latter admission, I presume, would be what the majority opinion refers to as "the bald admission of a probative fact," by which a party might seek "to deprive his opponent of the legitimate force and effect of material evidence." However, the majority opinion does not attempt to explain why the latter admission should not be as effective as an admission in the pleadings to render evidence of an admitted fact irrelevant and immaterial. I challenge the soundness of such a distinction and I am sure that no authorities can be found which supports the view expressed in the majority opinion.

The cases which have given consideration to the problem here involved make no distinction between a situation where the admission is made in the pleadings or by stipulation in open court during a trial either orally or in writing. The cases may be differentiated by their discussion as to the effect of the admission, rather than as to the manner in which it is made. Generally speaking, the cases may be classified in three groups: First, those which hold that evidence of an admitted fact is admissible and may not be excluded from the consideration of the trier of fact. *Ruppel* v. *Clayes*, 230

Mo.App. 699 [72 S.W.2d 833]; *Carter* v. *Ray,* 70 Ga.App. 419 [28 S.E.2d 361]; *State* v. *Young,* 52 Ore. 227 [96 P. 1067, 132 Am.St.Rep. 689, 18 L.R.A.N.S. 688]; *People* v. *Fredericks,* 106 Cal. 554 [39 P. 944]; *McHenry* v. *United States,* 276 F. 761 [51 App.D.C. 119]; *Henderson* v. *Ball,* 193 Iowa 812 [186 N.W. 668]; *Stevens* v. *Citizens Gas & Electric Co.,* 132 Iowa 597 [109 N.W. 1090]; *Baumier* v. *Antiau,* 79 Mich. 509 [44 N.W. 939]; *Terre Haute Electric Co.* v. *Kieley,* 35 Ind.App. 180 [72 N.E. 658]; *Schroth* v. *Philadelphia Rapid Transit Co.,* 280 Pa. 36 [124 A. 279]; *Webster* v. *P. W. Moore & Son,* 108 Md. 576 [71 A. 466]; *John Hancock Mut. Life Ins. Co.* v. *Moore,* 34 Mich. 41; *Kimball* v. *Vroman,* 35 Mich. 310 [24 Am.Rep. 558]; *Clayton* v. *Brown,* 30 Ga. 490; *Priest* v. *Inhabitants of Groton,* 103 Mass. 530; *Branner* v. *Nichols,* 61 Kan. 356 [59 P. 633]; *Bank of No. America* v. *Crandall,* 87 Mo. 208. Second, those which hold that the admission of such evidence is within the discretion of the trial court. *Martin* v. *Pacific Gas & Electric Co.,* 203 Cal. 291 [264 P. 246]; *House* v. *Pacific Greyhound Lines,* 35 Cal. App.2d 336 [95 P.2d 465]; *Rowe* v. *Rennick,* 112 Cal.App. 576 [297 P. 603]; *Behrendt* v. *Times-Mirror Co.,* 30 Cal.App. 2d 77, 79 [85 P.2d 949]; *Dorr* v. *Tremont Nat'l Bank,* 128 Mass. 349; *Dunning* v. *Maine Cent. R. Co.,* 91 Me. 87 [39 A. 352, 64 Am.St.Rep. 208]; *Mason's Will,* 82 Vt. 160 [72 A. 329]; *Dalton* v. *Calhoun County Dist. Ct.,* 164 Iowa 187 [145 N.W. 498]; *Hammond* v. *Hammond,* 247 Mass. 239 [142 N.E. 44]; *Hambleton* v. *U. Aja Granite Co.,* 95 Vt. 295 [115 A. 102]; *Jones* v. *Allen,* 85 F. 523 [29 C.C.A. 318]; *Ridgway* v. *Longaker,* 18 Pa. 215. Third, those which hold that the admission of such evidence, even if error, could not be prejudicial. *Moss* v. *Youngblood,* 187 Ga. 188 [200 S.E. 689]; *Beckerleg* v. *Locomotive Engineers, etc. Assn.,* (Mo.App.), 274 S.W. 917.

The majority opinion concedes that the trial judge may exercise his discretion in the admission or exclusion of evidence and that he may in the exercise of that discretion exclude cumulative evidence that is relevant and material to the issues in the case without committing error. While discretion may be something more than patience, I think it has been the experience of most trial lawyers that a patient judge is more apt to exercise a sound discretion than one who is impatient, and to that extent at least the amount of cumulative evidence which a party may be permitted to

introduce is largely dependent upon the patience of the trial judge. Therefore, if it may be said that evidence offered to prove an admitted fact is in the nature of cumulative evidence, the extent to which the introduction of such evidence may be permitted may largely depend upon the patience and discretion of the trial judge. As I have heretofore pointed out, such evidence is not irrelevant nor immaterial if it is within the purview of any allegation in the pleadings even though such allegation is not denied or is expressly admitted.

While courts may and sometimes do refuse to follow rules which appear to be well settled and overrule cases which have been accepted as authorities over a period of many years, it seems rather unusual to me to find a majority of this court joining in an opinion overruling four cases which have never been heretofore questioned in any decision of this court, which cases are in accord with the uniform rule throughout the United States and are supported by all of the textwriters who have given expression to their views on the subject. No reason is stated in the majority opinion why California should establish a rule out of harmony with the general rule throughout the United States as well as all of the prior decisions of this court and the District Courts of Appeal. I submit that such a policy is out of harmony with the judicial process which recognizes the importance of maintaining settled rules with respect to procedure and practice as well as those affecting personal and property rights. Especially is this true where it is not apparent that any sound reason exists for the overruling of prior decisions announcing a rule in harmony with the weight of authority.

It may be true that the possible effect of the evidence introduced in the case at bar was to increase the award of damages, but it has been held that the fact that evidence admitted might, as an incidental feature thereof, be inflammatory or have a tendency to unduly arouse the jury does not render such evidence inadmissible (*Mohn* v. *Tingley*, 191 Cal. 470 [217 P. 733]). What the effect of the evidence was in the case at bar is a matter of pure speculation. This is true in every case. After the verdict is returned, and a motion for a new trial is made upon the ground that the damages are excessive, it then becomes a question for the trial judge to determine as to whether the damages are excessive. In making this determination he gives considera-

tion to the various factors which enter into the determination of the amount of damages to which an injured person is entitled. When such determination is made by the trial judge, it is binding upon an appellate court unless the amount of damages awarded is so plainly and outrageously excessive as to suggest at first blush, passion, prejudice or corruption on the part of the jury. (8 Cal.Jur. 834, § 88, *Johnston* v. *Long,* 30 Cal.2d 54 [181 P.2d 645]; *Bisinger* v. *Sacramento Lodge No. 6,* 187 Cal. 578 [203 P. 768]; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 P. 513].) If the damages awarded are excessive, they should be reduced. But whether they are reduced or permitted to stand at the amount fixed by the jury, the determination of the amount to be awarded should not be affected by the fact that evidence relating to the negligence of the defendant was introduced notwithstanding the admission of the defendant that he was guilty of negligence which proximately caused the injury suffered by plaintiff.

The effect of the majority holding in this case is to deny to an injured person the benefit of presenting to the trier of fact the entire factual situation surrounding the accident out of which the injury arose. It cannot be denied that either a jury or a trial judge is more disposed to award a substantial amount of damages in a case where the defendant is shown to have been guilty of gross negligence and his conduct was such as to indicate a reckless disregard for the safety of others, than where the negligence amounted to only an error in judgment. The present holding will make it possible for a defendant who has been guilty of the most heinous kind of reckless and wanton conduct, including intoxication, to conceal from the trier of fact the extent of his culpability, and thereby gain any advantage which might flow from the absence of such disclosure. Theoretically and technically, and judged by academic standards, this practice may be justified, but when gauged by actual experience in the administration of justice it favors the worst offenders by permitting them to escape from a larger award of damages which the trier of fact might feel justified in awarding if the entire picture were presented. This does not mean that a person injured as the result of the negligence of another should receive more damages because his tort-feasor was grossly and wantonly negligent than another with like injuries whose tort-feasor was only slightly negligent. But

it simply recognizes the human tendency to weigh liability against culpability. Since the law must be administered by human beings, the effect of this tendency must be considered as incidental to its administration. To argue to the contrary requires a denial of the obvious.

Therefore, if I were disposed to hold, contrary to the weight of authority and the long-settled rule in this state, that it was error for the trial court to permit plaintiff to prove the facts relating to defendant's negligence, I would be required to hold that such error was prejudicial and compelled a reversal of the judgment. This conclusion would be required because of the probability that the damage award was increased as the result of the evidence erroneously admitted. If it cannot be said that the effect of such evidence was to increase the award of damages in this case, it likewise cannot be said that such evidence would have the effect of increasing the award of damages in any case. It must necessarily follow that the admission of such evidence could not be prejudicial in any case, and to hold its admission erroneous is as idle as fighting a windmill.

In my opinion, there was no error whatever in the admission of the evidence of defendant's negligence and the judgments should therefore be affirmed.